BANCO DE PONCE, demandante y apelado, *v.* CARMEN HERNÁNDEZ, VDA. de HATCH, demandada y MIGUEL HUDO, demandado y apelante.

No. 4148.—*Visto:* Enero 24, 1928. *Resuelto:* Febrero 20, 1928.

1. ALBACEAS Y ADMINISTRADORES—ACCIONES—REQUISITOS PREVIOS A SU EJERCICIO—PRESENTACIÓN DE LA RECLAMACIÓN AL ADMINISTRADOR JUDICIAL.—Nada hay en los artículos 60 y 61 de la Ley de Procedimientos Legales Especiales que haga necesario, imperativamente, que un acreedor presente su reclamación al administrador judicial y éste la rechace antes de comenzar él pleito alguno basado en una deuda del finado.

2. LUGAR DEL JUICIO *(Venue)*—CAMBIO DEL LUGAR DEL JUICIO—ACCIÓN EJERCITADA EN UN DISTRITO QUE NO ES EL CORRESPONDIENTE.—Cuando se demanda al administrador judicial de los bienes de un finado en un distrito que no es el correspondiente, si él no solicita el traslado del pleito, se somete a la jurisdicción de la corte en que la acción se ejercitó.

3. LUGAR DEL JUICIO—ACCIONES—DE LAS COSTAS EN GENERAL—SU IMPOSICIÓN AL ADMINISTRADOR.—Cuando en acción contra el administrador judicial de los bienes de un finado él comparece y, posteriormente a la radicación voluntaria de una demanda enmendada, no comparece más en el pleito y se dicta sentencia contra él en rebeldía, no procede imponer a dicho demandado el pago de honorarios de abogado como costas.

SENTENCIA de la Corte de Distrito de Ponce, declarando con lugar la demanda con costas. *Modificada* en parte y *confirmada.*

*O. B. Frazer, R. Castro Fernández* y *Carlos J. Torres,* abogados del apelante; *José Tous Soto* y *Fernando Zapater,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La Corte de Distrito de Ponce dictó sentencia en rebeldía contra Carmen Hernández, viuda y heredera de Hatch, y Miguel Hudo, administrador. Este último ha apelado.

[1] Para justificar su alegación de que la demanda no constituye una causa de acción, el apelante sostiene que antes de comenzar el pleito basado en una deuda debe presentársele una reclamación al administrador judicial, y se funda para ello en los artículos 60 y 61 de la Ley de Procedimientos Legales Especiales, los que dicen así:

"Artículo 60.   Será deber de todo albacea o administrador satisfacer las deudas legítimas del finado dentro de un plazo razonable, con intervención de los herederos, o, en su defecto, de la corte de distrito.

"Artículo 61.   Para ello publicará en periódico designado por el juez de la corte de distrito un aviso a los acreedores para que le presenten sus reclamaciones con los correspondientes comprobantes bajo juramento, en el lugar señalado en el aviso. Este se publicará una vez por semana durante dos meses consecutivos. Si el albacea o administrador dudase de la validez de alguna reclamación la rechazará notificándolo así por escrito al reclamante. Al acreedor le quedará expedito su derecho para reclamarla en el correspondiente pleito contra la administración del caudal."

El apelante sostiene que las palabras finales del artículo 61 presuponen una reclamación presentada al administrador y que no surge la causa de acción hasta que se presenta tal reclamación y el administrador la rechaza. Nada hay en estos artículos que haga necesario imperativamente que un acreedor presente su reclamación al administrador. Si el acreedor no lo hace así, corre el riesgo de que otros acreedores tengan preferencia, según lo indica el artículo 62, como sigue:

"Si algún acreedor promoviere juicio por una deuda, cuya reclamación no se hubiere presentado dentro de los seis meses de publicado el aviso a los acreedores, no será responsable el albacea o administrador, por los caudales o dinero que hubiere entregado a

cuenta de legítimas reclamaciones, legados o hijuelas antes de intentarse la acción.''

El emplazamiento es suficiente notificación al administrador. Si la causa de acción surge solamente al presentarse y rechazarse la reclamación, entonces las causas de acción podrían demorarse indefinidamente.

[2] En su segundo señalamiento de error, el apelante sostiene que debió demandársele en San Juan, donde él residía, y donde falleció el intestado. Un administrador puede ser demandado al igual que cualquier otra persona, y si la corte de distrito escogida no es la correspondiente, puede solicitarse el traslado del pleito. De lo contrario, el administrador se somete a la jurisdicción de la corte. Artículo 76 et seq. del Código de Enjuiciamiento Civil.

[3] El tercer señalamiento de error, en tanto en cuanto no es indefinido y frívolo, se refiere a la cuestión de las costas. El administrador compareció para atacar la jurisdicción de la corte. El apelado dice que tal ataque era frívolo y que, por consiguiente, la comparecencia del administrador era general, pero no se cita autoridad alguna. De todos modos, no hubo comparecencia después que el demandante radicó voluntariamente su demanda enmendada. Bajo estas circunstancias, creemos que el espíritu, si no la letra, del artículo 327 del Código de Enjuiciamiento Civil, debían relevar al administrador del pago de los honorarios de abogado. Copiamos la parte pertinente del mismo, como sigue:

''En todos los casos en que se hayan concedido a una parte las costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida, una cantidad que represente el valor de los servicios de su abogado o una parte de dicha cantidad; *Disponiéndose,* que nada de lo contenido en esta Sección, se entenderá que concede honorarios de abogado para ser incluidos en las costas que se impusieren a un demandado que no hubiere radicado su comparecencia en una acción o procedimiento.''

*Debe modificarse la sentencia apelada en el sentido de*

*eximir del pago de honorarios de abogado al administrador,
y confirmarse en todo lo demás.*

El Juez Asociado Señor Texidor no intervino.