EUGENIA MONTALVO, demandante y apelada, *v.* ZOILO FERRERO ACOSTA, Administrador Judicial de los bienes relictos al fallecimiento de ANGEL FERRERO ACOSTA, demandado y apelante.

Núm. 8014.—*Sometido:* Marzo 6, 1940.  *Resuelto:* Mayo 24, 1940.

---

* NOTA: Véase el prefacio.

*Felipe Colón Díaz,* abogado del apelante; *Frank Torres,* abogado de la apelada.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La demandante reclama del Administrador Judicial de los bienes del difunto Ángel Ferrero la suma de $339.50 prestados por ella a Ferrero mientras ambos vivían en concubinato. Alega que Ferrero le ofreció devolverle la suma prestádale tan pronto le pagasen su bono como soldado; que Ferrero se enfermó y murió sin pagarle dicha suma; y que el administrador demandado se ha negado a reconocer y pagar la deuda del finado.

El demandado, después de negar los hechos esenciales de la demanda interpuso las siguientes defensas:

(1) Que Ferrero dejó como herederos a sus hermanos Zoilo, Juan y Remedio Ferrero y Acosta, quienes son partes necesarias en esta acción y no han sido incluídos como demandados.

(2) Que el demandado Zoilo Ferrero fué nombrado administrador judicial interino y no ha sido aún nombrado en propiedad, y que como tal administrador interino no puede ser demandado en esta acción.

(3) Que la reclamación de la demandante es fraudulenta porque ésta trató de hacerse pasar por viuda de Angel Ferrero ante el Veterans' Bureau de los Estados Unidos con el propósito de cobrar el bono que como soldado correspondía a Ferrero.

Fallado el pleito en su contra, apeló el demandado, alegando que la Corte de Distrito de Ponce erró al declarar que el administrador judicial interino podía ser demandado en esta acción; al declarar sin lugar la defensa de falta de jurisdicción por no estar ante la corte todas las partes nece-

sarias en la acción; y al dictar una sentencia que no está sostenida por la evidencia.

■ Hemos examinado la evidencia presentada por ambas partes. La de la demandante, a la cual dió entero crédito la corte sentenciadora, es a nuestro juicio ampliamente suficiente para sostener las alegaciones de la demanda y justificar la sentencia recurrida. La del demandado estableció un conflicto, el cual fué resuelto en su contra por el tribunal inferior. Y no apareciendo que éste haya actuado con parcialidad o movido por la pasión o el prejuicio o que haya errado en la apreciación de la prueba, nos sentimos obligados a respetar su fallo.

■ Los dos primeros señalamientos pueden ser discutidos conjuntamente. Ni de las alegaciones ni de la prueba practicada aparece que con anterioridad a la fecha de radicación de la demanda se hiciera una declaración de herederos a favor de los alegados hermanos del difunto Ángel Ferrero. Mientras esa declaración no se haga, la representación jurídica de la persona del difunto intestado la tiene el administrador judicial. En *Pérez, Administrador judicial*, v. *Zeda*, 35 D.P.R. 329, al resolver esa misma cuestión, esta Corte Suprema se expresó así:

"Por una ficción de la ley el administrador es la continuación jurídica de la persona del difunto y de ahí es la autoridad de aquél para representarle en todos los pleitos que se promuevan contra la herencia o de ejercitar las acciones que procedan en pro de la misma. Pero esta continuación de la persona del causante está limitada únicamente al período que media desde el fallecimiento hasta la declaración de herederos. Después de esto el papel del administrador se contrae, como en los juicios de testamentaría, a los actos de mera administración y a los que sean indispensables para llenar los deberes de su cargo.

"  *    *    *    *    *    *    *

"En la demanda se alega que fallecido Vicente Irizarry se hizo la declaración de herederos en favor de sus hijos y aparece claro la falta de capacidad legal del administrador para iniciar esta acción, . . ."

Véanse: Manresa, Ley de Enjuiciamiento Civil, Tomo 4, pág. 496; artículo 51, Ley de Procedimientos Legales, Especiales (artículo 584, Código de Enjuiciamiento Civil, 1933), y *Franceschi* v. *Corte*, 45 D.P.R. 666, 674.

■ Es deber de todo administrador satisfacer las deudas legítimas del finado dentro de un plazo razonable, con intervención de los herederos, o, en su defecto, de la corte de distrito. El acreedor puede reclamar judicialmente el pago de su crédito, sin necesidad de presentar previamente una reclamación al administrador. Artículos 60 y 61, Ley de Procedimientos Legales Especiales; *Banco de Ponce* v. *Hernández, Viuda de Hatch*, 37 D.P.R. 756. La ley no establece distinción alguna entre el administrador permanente y el administrador interino. Tanto el uno como el otro tienen el deber de hacerse cargo de los bienes y efectos del finado. Y uno y otro—"todo administrador," dice la ley—tienen el deber de satisfacer las deudas del finado.

En el presente caso, no habiéndose alegado ni probado que se hubiera hecho una declaración de herederos, debemos resolver que el demandante procedió correctamente al dirigir su acción contra el administrador judicial, y que los hermanos del difunto no eran partes necesarias en el pleito.

*Debe confirmarse la sentencia recurrida.*