# CHARLESTON.

IRENE JONES *et al* v. JAMES J. PRICE, ADMINISTRATOR, ETC., *et al.*

(No. 6427)

Submitted February 19, 1929.  Decided February 26, 1929.

*H. D. Rollins*, for appellants.

HATCHER, JUDGE:

This is a suit brought by the widow and children of James S. Jones, deceased, against his administrator.  Its purpose is to recover from the administrator the proceeds of a U. S. Adjusted Service Certificate in favor of the deceased.  The administrator seeks to pay the debts of the estate out of the

proceeds. The circuit court found in favor of the administrator.

In the first instance, this certificate is not properly a part of the decedent's estate and the administrator was not entitled to collect it. Under the express provisions of section 661 of title 38 Mason's U. S. Code, Ann., the amount of the adjusted service credit in such case, *shall be paid,* not to the veteran's estate, but *to his dependents,* the widow being preferred.

In the second place the sum payable to the dependents is expressly exempted by section 618 of same title from "attachment, levy or seizure under any legal or equitable process." It is settled law, that as payments such as this are mere bounties which the government may grant or withhold at pleasure, Congress may surround these gratuities with such conditions as it deems proper to impose. *Hissem* v. *Johnson,* 27 W. Va. 644, 652; *Kellog* v. *Waite Tr.,* 94 Mass. (12 Allen), 529, 530; *U. S.* v. *Hall,* 98 U. S. 343, 357. In discussing an exempting phrase similar to the one above, the court said in *Hissem* v. *Johnson, supra:* "The exemption here declared is absolute and unqualified." Congress has manifestly intended to so surround this fund with protection that creditors cannot take it away from dependents. It was well said in a recent Iowa decision: "In other words, during the course of human events, the thought became developed among states and nations that for the good of mankind there are instances when it is best that creditors go unpaid in order that certain individuals in society may have a particular source of income dedicated to personal or family sustenance, maintenance and enjoyment." *Andrew* v. *Bank,* 219 N. W. 62, 64. Congress having dedicated this bounty exclusively to the dependents of the decedent, the administrator is without any authority whatsoever to divert it to his creditors. See, generally, *Crotty* v. *Eden,* 35 W. Va. 143.

The decree of the circuit court is accordingly reversed and the cause remanded.

*Reversed and remanded.*