Municipal Court of Dayton.

### J. P. FLANDERS V. JOHN ADAMS.

Decided August 14, 1931.

*Joseph W. Sharts,* for plaintiff.
*Willard D. Anspach,* for defendant.

MARTIN, J.

This case comes before the Court on the motion of defendant to release the attachment herein against the monies of defendant on deposit for the reason that said monies are proceeds of a loan under the World War Adjusted Compensation Act as amended in March, 1929. In support of his motion defendant has filed three affidavits to the effect that the money attached was the proceeds of a loan on his adjusted compensation amounting to $422.50; that $150.00 of such sum was deposited in a savings account in the Winters National Bank of Dayton and the balance retained in his checking account in the same bank; that he has no other funds on deposit in said bank and no other source of income; that the original deposit consisted of a U. S. Treasury check in the sum of $422.50.

Defendant contends that the proceeds of a loan on an adjusted service certificate by virtue of Section 308 of the World War Compensation Act are exempt from attachment and levy, not only during the time such proceeds remain in the Treasury Department or in the course of transmission to the veteran until received by him, but that the same are exempt as proceeds in the possession of the veteran after he receives such money tho he deposits the same in a bank.

Plaintiff contends to the contrary; that such money is exempt in the same way that pension money is exempt, to-wit, only until received by the veteran in the form of a government draft and that thereafter it is the same as any other money which the veteran may own or have on deposit.

Section 308 of the World War Compensation Act, which is applicable in this case reads as follows:

"No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any benficiary named under Part V of this chapter, no adjusted service certificate, and no proceeds of any loan made on such certificate, shall be subject to attachment, levy or seizure under any legal or equitable process or to national or state taxation"*   *   *

For the sake of distinguishing this case from a pension money case and illustrating the reasoning of the Supreme Court of the United States, the Court will refer to Section 4747 of the Rev. Stat. of the U. S. regulating the exemption of pension money, which reads as follows:

. "No sum of money due, or to become due, to any pensioner shall be liable to attachment, levy or seizure by or under any legal or equitable process whatever, whether the same remains with the Pension Office, or any office or agent thereof, or is in the course of transmission to the person entitled thereto, but shall accrue wholly to the benefit of such pensioner."

Justice McKenna of the Supreme Court in the case of *McIntosh* v. *Audrey*, 185 U. S., 122, in construing the pension section above set forth, held that the language "due, or to become due" had reference to that situation which exists before the pension money is actually paid to the pensioner, and that consequently, pension money

after being paid to the pensioner is not exempt from execution.

Section 308 of the World War Compensation Act and not the Pension Act hereinabove referred to is controlling of the decision in this case. The applicable part of said section reads,

"No proceeds of any loan made on such certificate shall be subject to attachment, levy or seizure"* * *

and, obviously, the phrase "proceeds of any loan" is much broader than the phrase "no sum of money due or to become due," as used in the Pension Act. "Proceeds" is defined by Webster's New International Dictionary as

"That which results, proceeds, or accrues from some possession or transaction; especially, the amount realized from a sale of property; as, the proceeds of a sale, or a year's labor, etc."

Bouvier's Law Dictionary defines "Proceeds" as

"money or articles of value obtained from the sale of property.

Goods purchased with money arising from the sale of other goods, or obtained on their credit are proceeds of such goods.—2 Parson's Maritime Law 201. Bened. Adm. 290.

The sum, amount, or value of goods sold, or converted into money.—Wharton's Dictionary.

Proceeds does not necessarily mean money. *Phelps* v. *Harris,* 101 U. S. 380."

*Corpus Juris,* Vol. 50, pages 427, 28, 29, 30, defines "Proceeds"

"as a word of not any fixed or definite meaning, but of varying and loose significance, employed with different meanings of equivocal import and great generality. It does not necessarily mean money or cash. Its meaning in each case depends on its context, depends very much on the connection in which it is employed and the subject matter to which it is applied. Strictly speaking, it implies something or leads out of, or from another thing."

To illustrate the general intention of Congress with reference to monies paid to World War veterans and their beneficiaries under the various acts passed for their benefit, the Court will refer to the War Risk Insurance Act, Section 28 of which reads as follows:

"The allotments and family allowances, compensations and insurance payable under Articles II, III and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Articles II, III, or IV; and shall be exempt from all taxation."

The case of *Payne, Admr.* v. *Jardon,* 152 Ga. 367, in interpreting the above section held in effect, that money paid over to a beneficiary, although deposited by her in a bank, is not subject to garnishment for the reason that the intent and purport of the act is not merely to protect an allotment made under the act from legal process while in the hands of the Government, or its agencies, but to preserve the allotment itself from legal process against the beneficiary except as against the claims of the Government itself.

In view of the broad meaning and usage of the word "proceeds", the Court is of the opinion that Congress in enacting Section 308 of the World War Compensation Act intended that the money loaned to a veteran on his adjusted service certificate should remain proceeds so long as the veteran retains his ownership and control of the same as an entity separable and distinct from his other property.

Unquestionably, the cash proceeds of a loan realized by a veteran by discounting or cashing his government draft so long as the cash remains in his possession or control are exempt from attachment, levy or seizure under any legal or equitable process. Or if the proceeds of a veteran's loan are deposited in a trust account, making the bank his trustee, such funds without question would be exempt from attachment, levy or seizure.

In this case, however, defendant placed the entire proceeds of his loan in checking and savings accounts. Such accounts, according to the decisions of Ohio, create a debtor-creditor relationship between the bank and the depositor, and the bank is in no way a bailee or trustee of such funds. On the other hand, the money deposited by the defendant was payable on demand, and the defendant, in a larger non-technical sense, was the owner of such funds.

*Corpus Juris,* page 641, paragraph (326) H., reads in part:

"And while the relation between a bank and a depositor in respect to a general deposit is generally regarded as that of a debtor and creditor, yet in another sense the depositor is the owner of the deposit, in that he can demand payment at any time."

Recognizing the fact that defendant's deposits in a checking and savings account established a debtor-creditor relationship between the bank and defendant under Ohio decisions, the Court is of the opinion that Section 11,738 of the General Code of Ohio enacting that money due a person from a corporation (debtor-creditor relationship) is not exempt and is subject to execution, is in conflict with Section 308 of the World War Compensation Act as construed by this Court. Under such circumstances the Federal law controls by virtue of paragraph 2, Article 6 of the United States Constitution.

See *Tax Commission* v. *Rife,* 119 Ohio State, 83 at bottom of page 90 and top of page 91.

Keeping in mind the intention of Congress as manifested by the use of the word "proceeds" in Section 308 of the World War Compensation Act, the Court is of the opinion that the money deposited by defendant in the Winters National Bank did not cease to be proceeds merely by virtue of such deposits. It was the intention of Congress that the veteran have the absolute and exclusive right to use the money loaned him as he sees fit, and for this Court to hold that he forfeited such right thru a mere bank deposit would render ineffective and abrogate the substantial spirit and purpose of the Act.

Defendant's deposits of his loan money were not mixed or confused with other money or property and were definitely traced and identified as being the proceeds of a loan on his adjusted service certificate.

The Court therefore is of the opinion that defendant by merely depositing his loan money in checking and savings accounts in a bank bound to pay the same on demand, did not thereby lose his right to claim it exempt from attachment, levy or seizure, as provided by Section 308 of the Compensation Act.

Defendant's motion to dissolve the attachment will be sustained.