## SECOND NAT'L BANK OF GREENVILLE v HOBLIT et

Ohio Appeals, 2nd Dist, Darke Co

Decided December 17, 1931

Murphy & Staley, Greenville, for plaintiff in error.

John M. Hoel and Herman F. Krickenberger, Greenville, for defendants in error.

ALLREAD, PJ

This finding of fact by the trial court is amply sustained by the evidence in the case. It has been uniformly held in this state that property delivered by a wife to a husband, or vice versa, can always be declared a trust in the absence of positive evidence that the property was transferred for valuable consideration, or given as a gift. **Newton v Taylor, 32 Oh St 399; Bechtol v Ewing, Adm'r, 89 Oh St 53;** 105 N. E. 72, L. R. A. 1917E, 279, Ann. Cas. 1915C, 1183; **Richards v Parsons, 7 Oh Ap 422;** Stickney v Stickney, 131 U. S. 227, 9 S. Ct. 677, 33 L. Ed. 136. The following citations are also applicable: Payne, Adm'r, v. Jordan, 36 Ga. App. 787, 138 S. E. 262; Payne, Adm'r, v. Jordan, 152 Ga. 367, 110 S. E. 4. In construing the provision of §28 of the War Risk Insurance Act (as added by 40 Stat. 609), now §454 of the U. S. Code, title 38 (38 USCA §454), it was held by the courts of Georgia that a house purchased with the proceeds of a policy of government insurance was not subject to execution and that neither was money, the proceeds of such insurance, deposited in a bank.

We may also refer in this connection to the case of **Flanders v Adams, (10 Abs 325),** in the Municipal Court of Dayton, Ohio, decided by Judge Martin. The opinion in that case is illustrative, and appropriate to the facts of the present case.

It is claimed that because Mrs. Hoblit purchased stock of the Electric Light Company out of this fund it can no longer be claimed as "proceeds." This we think, is erroneous. There was no other fund commingled with this fund, nor was the title to the stock adverse to the trust. The doctrine of equity is that money will be traced to any investment where there is no inconsistent title or any repudiation of the trust. The money invested in stock could be clearly traced, and upon the sale of the stock could be again traced into the checking deposit in the bank. There is no question as to the identical money being involved and traced into the stock and thence into the bank deposit. "Proceeds" is a broader term than any heretofore used in exempting from execution money received as a pension. There was a clear intention to exempt not only the check, as issued, but to exempt the money so long as it could be fairly and reasonably traced. This statute should be liberally construed. Again it is

claimed as to a pension given to a soldier that after it goes into the hands of the soldier and out into the stream of property the federal government has no power to control or regulate it. We think this question comes too late in the history of jurisprudence to be available. We are clear that the federal exemption being to protect the donor it exists so long as the fund can reasonably be traced. We think the decisions of the federal courts are clear upon this question. We therefore hold that the judgment of the court of common pleas must be affirmed.

Judgment affirmed.

KUNKLE, J, concurs.

HORNBECK, J, concurs in judgment.