Matthias, J.
 

 The oral argument and briefs of counsel have covered a wide scope, but a consideration of the statutes applicable to the facts presented by the record accomplishes a complete disposition of the issues involved.
 

 Section 710-165, General Code, provides as follows: “No property or securities received or held by any trust company in trust shall be mingled with the investments of the capital stock or other properties belonging to such trust company or be liable for its
 
 *510
 
 debts or obligations. Moneys -pending distribution or investment may be treated as a deposit in the trust department, or may be deposited in any other department of the bank, subject in other respects to the provisions of law relating to deposit of trust funds by trustees and others.”
 

 "We are primarily concerned with the last sentence of this section. It is dealing with the subject of moneys held by any trust company in trust, that is, as a trustee, and in language that is clear and concise authorizes it to deposit money pending distribution or investment in the commercial or other department of the bank. We need give attention to the first part of the section only for the purpose of observing the express distinction made between property and securities, on the one hand, and money, on the other. The former are to be segregated and kept so. They shall not be mingled with investments of the capital stock or other property of the trust company. Other provisions of the statute, particularly of Section 710-164, General Code, show the expressed legislative intent to distinguish between money and property.
 

 In our opinion these provisions are clear. They need no interpretation. The only way their meaning can be as well stated is by repeating the same language. If we look to the history of the legislation.we will observe there the material change in the powers conferred upon trust companies with reference to funds, while making no material change in regard to the mingling of property and securities with the trust company’s capital stock or other property. The very purpose of the legislative action would be thwarted if effect be not given to the statutory amendment.
 
 County Board of Education of Hancock County
 
 v.
 
 Boehm,
 
 102 Ohio St., 292, 131 N. E., 812.
 

 The powers and duties of fiduciaries are further clearly set out in Section 10506-45, General Code (114 Ohio Laws, 374, effective January 1, 1932), which is as
 
 *511
 
 follows: “Immediately after Ms appointment and throughout the administration of the trust, every fiduciary shall he required to deposit all funds received by him, in his name as such fiduciary in one or more depositories. Each depository must be a national bank, or a state bank or building and loan association located within and organized under the laws of the State of Ohio. The deposit shall be in such class of account as will be most advantageous to the trust and each depository shall pay interest at the highest rate customarily paid to its patrons on deposits in accounts of the same class. A corporate fiduciary authorized by law to receive deposits of fiduciaries, shall have authority to be the depository of funds held by it as such fiduciary.”
 

 It is to be observed that deposit in an interest-bearing account is directed, which of course contemplates use of the fund by the bant, and the fiduciary therefore becomes a general creditor by the very force of the statute governing his action. It has been well pointed out that if, notwithstanding the provisions of Section 10506-45, General Code, the deposit of a trust company is held to be a special deposit, and entitled to a preferred claim, it would be given a favored position over individuals in obtaining appointment as trustee, and otherwise.
 

 The deposit made by the trustee in this case was a general deposit. It was authorized by the statute, and the power was not denied the trustee by any trust instrument. We have here no question of a wrongful deposit, and cases cited involving that question have no application.
 

 It appearing then that the relationship established under statutory authority was that of debtor and creditor, the rights of the trustee with reference to the funds so deposited are no greater than or different from those of other general depositors, and upon liqui
 
 *512
 
 dation of the hank they share proportionately in the distribution of the assets.
 

 Judgment affirmed.
 

 Jones, Day, Allen, Kinkade and Stephenson, JJ., concur.