## FULTON v CAMPBELL
## FULTON v SAMIEC
## FULTON v BUCKENMYER

Ohio Appeals, 6th Dist, Lucas Co

Nos 2722, 2723 & 2724. Decided Jan 3, 1933

Gilbert Bettman, Attorney General, Columbus, Brown & Sanger, Toledo, and S. M. Douglas, Toledo, for plaintiff in error.

Doyle & Lewis, Toledo, Milo Warner, Toledo, and E. P. Buckenmyer, Toledo, for defendants in error.

WILLIAMS, J.

An application for rehearing has been filed in each of these cases and the sole authority cited is **Second National Bank v Hoblit, 41 Oh Ap, 126, 179 NE, 812, (11 Abs 458).** This court has also been requested to certify the causes to the Supreme Court because the judgments of this court are in conflict with the judgment of the Court of Appeals of the Second District of Ohio in that case.

In the three instant cases this court, in its written opinion, laid down two principles:

First, that where the proceeds of a loan from the government on an adjusted service certificate is deposited in a bank in a savings account, the depositor is not entitled to a preference on liquidation of the bank, and

Second, that where such proceeds are de-

posited in a non-interest-bearing commercial account and the depositor, by having funds in that account or thereafter making deposit therein and thus commingling the proceeds of the loan with other deposits, there can be no preference, if the bank goes into liquidation.

We find it difficult to state our position with more clearness, but will endeavor in this opinion to make the fullest explanation possible.

Ordinarily a deposit in either a savings or a commercial account would give no priority over other depositors. However, we are confronted with §618, Title 38, United States Code, which contains the following:

"No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary named under Part V of this chapter, no adjusted service certificate, and no proceeds of any loan made on such certificate, shall be subject to attachment, levy, or seizure under any legal or equitable process, or to National or State taxation."

In the case of **Ramisch v Fulton, 41 Oh Ap, 443, (11 Abs 346)**, this court allowed a preference where a commercial account was opened by an ex-service man by the deposit of the check received by him from the Bureau of Veterans' Affairs for a loan on his adjusted service certificate and no further deposits were ever made in the account, and no withdrawals. In **Fulton v Ferguson, 39 Court of Appeals Opinions, Sixth District, unreported, p. 153**, decided December 19, 1932, **(13 Abs 330)**, this court, two judges concurring, held that where the proceeds of a loan on an adjusted service certificate was deposited by an ex-service man in a commercial account in a bank but there were never any other deposits made in the same account, a preference should be allowed, although there had been a withdrawal. These decisions approach, if they do not go to the very limit.

The only existing difference of fact between the Ramisch and the Ferguson cases are that in the Ramisch case the government check was deposited for collection in a non-interest-bearing commercial account, whereas in the Ferguson case the proceeds of the check issued by the government to Ferguson was deposited in a similar commercial account and was thereafter partially drawn on by Ferguson, who sought to have the balance thereof remaining in the account, no other moneys having been deposited therewith, declared exempt and awarded to him as a preferential claim.

A savings account stands on a different footing from a non-interest-bearing commercial account. As was pointed out by this court in **Fulton v Stempien, 39 Court of Appeals Opinions, Sixth District, unreported, p. 128, (13 Abs 329)**, the court will take judicial notice of the fact that a savings account draws interest. It has been pointed out by our Supreme Court that a deposit in an interest-bearing account contemplates the use of the fund by the bank.

**McDonald, Admr. v Fulton, 125 Oh St, 507, 511;**

**Smith et v Fuller et, 87 Oh St 57, 63;**

**Kuehnle Co. v Fulton, 39 Court of Appeals Opinions, Sixth District, unreported, p. 138.**

It is thus apparent that an ex-service man who deposits the proceeds of a loan on his adjusted service certificate in a bank in an interest-bearing account, lends the money to the bank and if the bank fails to pay the money to him when called for he has no right to any specific money. He is in the position of a creditor and has the rights and remedies of a creditor; on the other hand he can not bring an action to enforce a trust, and the reason lies in the fact that as between himself and the bank the relation of debtor and creditor subsists. It would seem to follow as a matter of course that when the bank goes into liquidation he is in the position of any other lender to the bank at interest.

As to the commingling of other deposits with the proceeds of a loan on an adjusted service certificate, we are simply taking the position that, where the ex-service man voluntarily commingles other deposits with the deposit of the proceeds, the identity of the fund or proceeds is so far lost that no preference should be allowed. In a deposit such as is involved in these cases, there is no question of tracing trust funds, but the test that should be applied is, has the identity of the fund been preserved. So long as the money remains in the pocket of the ex-service men, it can not be reached on execution nor can it be taxed, but if he lends it to another or voluntarily mixes or commingles it with other funds, or invests it in a piece of real estate, even though title is in his own name, or buys a horse with it, or an automobile, the fund loses its identity. It would be strange indeed if an ex-service man could buy a piece of real estate or other property and so long as he owned the property, hold it free from his creditors and from taxation. If he can,

then he may trade the property so held for another piece of property and that would be exempt from execution and taxation. We are of the opinion that it was not the intention of the Federal enactment to make anything but the proceeds of the loan so exempt and when the proceeds loses its identity as such the statute has no application.

It may readily be seen that many lawyers would seek to apply the principle that an ordinary deposit of the proceeds in a non-interest-bearing commercial account is a loan to the bank and creates only the relation of debtor and creditor as between the bank and the depositor and would therefore maintain that a deposit in such a commercial account changes the character of the proceeds so far that the statute would not apply. At first blush this argument rings true, but we still adhere to the view that a liberal interpretation of the statute for the purpose of securing and preserving to the soldier his bonus, warrants the conclusions that we have reached in the Ramisch and Ferguson cases, and the application of the principle declared therein to all cases where the money is not deposited at interest and there is no commingling of deposits upon the plain theory that the fund preserves its identity as proceeds. To hold otherwise would be to say to the ex-service man: "There is no way you can put your money in a bank without losing the protection the federal statute has thrown around it. You would therefore better keep it intact in your pocket or retain it in your possession for safekeeping in some other way." Hoarding is inimical to the public weal, and public policy demands a construction consonant with public well-being, when possible. Certainly the law is satisfied by an interpretation of the federal statute which protects the "proceeds" of the loan where the deposit is without interest and is not commingled with other deposits in the same bank account.

What about the contention that the judgments of this court in the instant cases are in conflict with the judgment in Second National Bank v Hoblit, supra? Hoblit received a check from the government as a loan on his adjusted service certificate and cashed the certificate at a bank. He then paid off some small bills and delivered the balance, amounting to about $300.00, to his wife in trust for the use and benefit of himself and family, which consisted of a wife and eight small children. Out of the money Mrs. Hoblit purchased three shares of stock in an electric light company. Three months later she returned the stock and received the amount of the cash paid therefor and deposited it in the Second National Bank at Greenville, Ohio, subject to check. A part of it was used and $274.00 remained in the account when the bank in which it was deposited brought suit against the husband and caused the money to be attached. On error the court held that the money was exempt from execution and that the judgment of the court below should be affirmed. It will be observed that this case is more like the Ferguson case than the cases at bar or any other bonus cases cited above. There is, however, a distinction between the two in that for a time the bonus money was invested in stock, but it appears that the stock was turned back to the company from which it was bought and the money returned. There is also a distinction in this, that Mrs. Hoblit held the money in trust for her husband and his family. In each case the account was a non-interest-bearing account. In each case there was no commingling of the fund with other deposits. The court in the Hoblit case say, at page 129:

"There was no other fund commingled with this fund nor was the title to the stock adverse to the trust."

At this point the court is attempting to point out that the fund could still be claimed as proceeds, notwithstanding the fact that Mrs. Hoblit purchased the stock out of it and they say, in that connection, that it is a doctrine of equity that money will be traced to any investment where there is no inconsistent title or any repudiation of the trust. The court was discussing the trust relation between husband and wife as to the fund which was held by her as trustee. In the instant cases there was no such trust relation. The court in the Hoblit case also had the question whether deposits in the wife's name and held in trust for the husband could be reached by a writ of attachment, but had no question as to conflicting claims of deposits in like position.

Counsel for defendant in error, Buckenmyer, complains that we lay emphasis upon the fact that the fund preserves its identity, but we call attention to the fact that in the Hoblit case there is no question but that the money involved was traced into the stock and then into the bank deposit. It is thus apparent that that court placed emphasis upon the fact that the money or fund preserved its identity. We think we

have pointed out clearly why the judgment of this court is not in conflict with the judgment in the Hoblit case. There are many reasons, but two are paramount: In the Hoblit case the deposit was not in a savings fund but in a non-interest-bearing account, and there was no commingling of other deposits in the account.

The Hoblit case was considered by this court at the time the questions involved in the instant cases were originally examined and this court was then of the opinion that the judgment in that case was not inconsistent with the judgments herein. There is no reason why we should change our views, but what is said in this opinion should not be construed as approving or disapproving the decision in the Hoblit case. We shall determine the question presented therein if we should be met with it in the consideration of some case in the future.

For the reasons given the applications for rehearing and the requests for certification will be denied.

LLOYD and RICHARDS, JJ, concur.