### HOERSTER v. JOHNSON CITY STATE BANK et al.

### No. 9028.

Court of Civil Appeals of Texas. San Antonio.

March 8, 1933.

H. H. Sagebiel, of Fredericksburg, for appellant.

Alfred Petsch, of Fredericksburg, for appellees.

SMITH, Justice.

Max H. Beckmann, a veteran of the World War, borrowed from the government the sum of $430 on an adjusted compensation certificate issued to him by the government under the provisions of the World War Adjusted Compensation Act, in which it is provided as follows: "No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary named under Part V of this chapter, no adjusted service certificate, and no proceeds of any loan made on such certificate shall be subject to attachment, levy, or seizure under any legal or equitable process, or to national or State taxation." Title 38, § 618, U. S. Code (38 USCA § 618).

The proceeds of this loan were received by Beckmann in the form of a federal treasury warrant for said sum of $432, which upon its receipt Beckmann deposited in his account in the Johnson City State Bank. At the time of this deposit Beckmann had a balance of 49 cents in said bank. Subsequently he deposited another item of $19.15 in said bank. At a later date, when his balance had been reduced to the sum of $193.20, one of his creditors (of which D. J. Hoerster is now receiver) procured and had served a writ of garnishment upon said bank, to impound the funds in Beckmann's account, and subject them to the payment of a $12,000 judgment which the creditor held against Beckmann. The trial court held that all of Beckmann's balance, less the amount of said items of 49 cents and $19.15, was exempt from garnishment as being a part of the proceeds of said loan. Receiver Hoerster has appealed.

We are of the opinion that the judgment should be affirmed. The provision of the federal statute, that "no proceeds of any loan made" to a veteran on his adjusted compensation "certificate shall be subject to attachment, levy, or seizure under any legal or equitable process," is very comprehensive.

Under the liberal construction to which such statutes as the compensation act are entitled, the exemption therein provided for attaches to the fund as long as it or the proceeds thereof may be traced.

Specifically, it follows such fund into a bank when deposited for the benefit of the veteran or his family, since the deposit of exempt funds in a bank does not affect the debtor's exemption or change the exempt character of the funds. Second Nat. Bank v. Hoblit, 41 Ohio App. 126, 179 N. E. 812; Payne v. Jordan, 152 Ga. 367, 110 S. E. 4; Gaddy v. Bank, 115 Tex. 393, 283 S. W. 472; Frierson v. Bank (Tex. Civ. App.) 285 S. W. 941; Annotations 67 A. L. R. 120.5, 55 A. L. R. 612.

The specific statute here in question was expressly so construed in Second Nat. Bank v. Hoblit, supra, and seems never to have been construed otherwise by any court.

The fact that two small items, of 49 cents and $19.15, respectively, had been deposited alongside the exempt fund does not affect the traceability of the latter, which may be saved to the veteran by excluding the amount of the other two items from the award, and subjecting the same to the debts of the veteran, as was done below.

The judgment is affirmed.