## SHAW, State Banking Com'r, v. WILLIAMS.
### No. 9126.

Court of Civil Appeals of Texas. San Antonio.

May 3, 1933.

Rehearing Denied May 24, 1933.

Joe T. Goodwin, of Austin, for appellant.

M. A. Childers, of San Antonio, for appellee.

FLY, Chief Justice.

This suit was instituted by appellee against appellant for $423.50, which it was alleged was deposited in the Sinton State Bank, before it was closed by the commissioner, being the proceeds of a loan made by the government to appellee on his adjusted service certificate. It was claimed that the money arising from that source was a preferred deposit and should take precedence in payment over other claims of creditors. The court rendered the following judgment.

"It is therefore ordered, adjudged and decreed by the Court that plaintiff's claim for preference on funds derived from disability benefit payments and deposited in said Sinton State Bank be and it is hereby denied, to which ruling of the court the plaintiff in open court excepted.

"It is further ordered, adjudged and decreed by the Court, however, that the claim of plaintiff, Raymond P. Williams, against the funds of the Sinton State Bank in the hands of defendant, James Shaw, Banking Commissioner, to the amount of Two Hundred Ninety Two and 65/100 ($292.65) Dollars, representing funds derived from a loan on his adjusted compensation certificate (bonus) as a World War Veteran, be and it is hereby established and adjudged to be a preferred claim against such funds over the general creditors of said Bank and over the general claims against said Bank. It is further ordered, adjudged and decreed by the Court that the said James Shaw, Banking Commissioner, defendant herein, be and he is hereby ordered and directed to classify said claim to the amount of Two Hundred Ninety Two and 65/100 ($292.65) Dollars, as a preferred claim against the funds of Sinton State Bank now in his hands as Banking Commissioner, over the general claims approved against said funds, and to make payment thereof immediately.   *   *   *"

It is claimed by appellee that, by reason of money paid on adjusted service certificates being protected from forced seizure or levy, through attachment, garnishment, or other writs, as long as the funds arising from the adjusted compensation can be traced, they are not liable to seizure.   Hoerster v. State Bank, 58 S.W.(2d) 142, opinion by Associate Justice Smith of this court, not yet reported (in State report).   The protection given by the statute is against forced seizure. The federal statute, section 618, title 38 USCA, is as follows: "No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary named under Part V of this chapter, no adjusted service certificate, and no proceeds of any loan made on such certificate shall be subject to attachment, levy, or seizure under any legal or equitable process, or to national or State taxation, and no deductions on account of any indebtedness of the veteran to the United States shall be made from the adjusted service credit or from any amounts due under this chapter."

That statute gives no precedence to the exemption over other depositors in a bank in process of liquidation.   The traced funds are exempt from garnishment, attachment, sequestration, execution, or any other writ, but, when the funds are deposited in a bank and the bank fails, the adjusted service compensation is like any other deposit in the bank.   The protection is alone against creditors of the adjusted service compensation owner.   This theory is well sustained in an Iowa case where similar facts arose to those in this case.   Andrew v. Bank, 205 Iowa, 872, 219 N. W. 62.   The same is held in Mobley v. Jackson, 171 Ga. 434, 156 S. E. 23.   The Georgia Supreme Court said: "Our Confederate pension law does not in any way define or restrict the uses which the pensioner can make of his pension money.   He can do as he pleases with it.   He can save it or

spend it. He can invest it or keep it in specie. He can even give it away. He can make a general deposit of it in a bank, subject to his check, or he can make a special deposit of it. He can deposit it and take therefor a time certificate, bearing interest. If he makes a general deposit of his pension money subject to check, or if he deposits it and takes therefor an interest-bearing time certificate, the title to the money so deposited immediately passes to the bank, and the relation of debtor and creditor is at once created between the parties. * * * There is nothing in our Confederate pension law which in any way changes this familiar principle of law."

It follows that the trial court erred in rendering the judgment giving the funds of appellee preference over the deposits of other depositors, even in the diminished sum named by it.

The judgment is reversed, and judgment here rendered that appellee take nothing by his suit and pay all costs in this behalf expended.