In the Matter of the Estate of RODERIGO MARINANO, Deceased.

Surrogate's Court, Kings County, March 27, 1936.

*Harry S. Austin,* for the ancillary administrator, Alfredo Rabelo Dos Santos.

*Stuart H. Steinbrink,* special guardian for Jose Marinano and Rosa Marinano, infant children of the decedent.

WINGATE, S.   The court is unable to concur in the position of the ancillary administrator that the fund presently in this court which was derived from the Jones Act settlement should be transmitted to the principal administrator in New Jersey.   A recovery for wrongful death under any statute, whether State or Federal, is not an asset of the estate of the deceased in any sense.   It is an original asset which has been created by statute in favor of those persons who have suffered injury by reason of the death.   (*Phœnix Indemnity Co.* v. *Staten Island Rapid Transit Railway Co.,* 251 N. Y. 127, 136; affd., 281 U. S. 98; *Werra* v. *Cassedy,* 229 App. Div. 590, 592; *Matter of De Martino,* 142 Misc. 431, 433; *Matter of Killough,* 148 id. 73, 78; *Matter of Aronowitz,* 151 id. 746, 747.)

The action while maintainable in the usual course by a court appointee bearing the distinguishing appellation of executor or administrator, is purely a representative one, the persons represented being the dependents of the deceased entitled, by the terms of the statute, to the recovery.   As is said in *Whitford* v. *Panama Railroad Co.* (23 N. Y. 465, 470), it is " prosecuted *in point of form* by the executor or administrator " but it is " in favor of these surviving relatives."   (Italics not in original.)

When, therefore, there are general assets of a decedent which devolve by will or intestate law under usual procedure, the executor or administrator, where a right to such statutory recovery exists,

really acts in a dual capacity; on the one hand he is the usual functionary which his title implies, but on the other he is merely the person designated by statute as the representative of the dependents for the purpose of realizing upon the right which has been created for their sole benefit and belongs to them and to them alone. His obligation to account for any recovery made in this regard runs only in their favor and not, like that in respect to general assets of an estate, primarily in favor of creditors.

It may readily be granted that the marshaling and payment or distribution of general assets should almost invariably take place at the domicile of the decedent, not only because the major portion of his property will usually be there located, but because the rights of the persons primarily entitled to the net avails, namely, creditors, will best be protected by the adoption of such a course.

In the case of a death recovery, however, where it, as here, has accrued in another jurisdiction, both reasons for a transmission of assets to the domiciliary appointee fail. The entire statutory estate is located in the jurisdiction of the recovery and no one has any rights therein except the distributees in whose favor the right was initially created. In the case at bar these distributees are all residents of the town of Ilhavo, Portugal, while the original letters of administration were granted by the State of New Jersey.

Even where an ancillary representative is appointed for the usual estate possessing merely general assets, discretionary authority is vested in the court to direct a distribution of the assets in his hands without transmission to the domiciliary representative (Surr. Ct. Act, § 165; *Matter of Meyer*, 244 N. Y. 598, 599; *Matter of Ryan*, 136 Misc. 261, 264), and it has been indicated that the exercise of such discretion is proper in cases in which it appears " that justice or convenience will be promoted by a distribution in this State, or that double expense will be avoided, or that there are no debts of the decedent in the domiciliary forum." (*Matter of Beresford*, 146 Misc. 140, 147.)

In the case at bar, so far as the statutory recovery is concerned, all of these conditions are present. It would be a futile act and one detrimental to the only persons interested in this fund to direct its transmission to New Jersey with consequent delay and probable depletion, in order to have it then sent to the widow and infant children in Portugal who, alone, are entitled to benefit therefrom. This court endeavors to refrain from the performance of injurious and futile acts.

The remaining present question concerns the amount to be allowed the attorney who secured the settlement recovery. The agreement of the administrator in this regard, in which the dis-

tributes did not participate, is not binding upon them or on this court. It was clearly an *ultra vires* act and must have been recognized as such by the attorney. *Prima facie,* an agreement for a payment of fifty per cent of such a recovery is unreasonable (*Matter of Mackenzie,* 155 Misc. 822, 825; *Matter of Uravic,* 142 id. 775, 777), and the demonstration herein made is, in the opinion of the court, insufficient to warrant such an allowance. The objection of the special guardian in this regard will accordingly be sustained, and the amount will be reduced to thirty-three per cent, giving an allowable sum of $1,333.

The ages and circumstances respecting the widow and infant children have not been brought to the attention of the court. The relevant information indicated in *Matter of De Martino* (142 Misc. 431 and 785) and *Matter of Uravic* (Id. 775) should be supplied, whereupon the court will make a concrete direction respecting the distribution to the widow and infant children.

In the event that any general assets of the estate, as distinguished from this statutory recovery, shall find their way into the hands of the ancillary administrator, transmission of them to the domiciliary administrator will be directed.

Proceed accordingly.