In the Matter of the Estate of JAMES J. MURRAY, Deceased.

Surrogate's Court, Kings County, June 23, 1936.

*Isaac Putterman*, for the petitioning creditor, Eva Barnes Murray.

*Edward Burke*, for the administratrix, Rose Thompson.

WINGATE, S.   By reason of submission on the pleadings there is herein propounded as upon demurrer under the old practice (*Matter of Larney*, 148 Misc. 871, 872; *Matter of Hearn*, 158 id. 370, 372), a question as to the legal validity of the answer which has been interposed to this petition to compel an administratrix to file and proceed to settle her account.   For present purposes, therefore, the allegations of fact of the answer are to be accepted as true.   (*Matter of Keeling*, 148 Misc. 798; *Matter of Hearn, supra; Matter of Chinsky*, N. Y. L. J. June 3, 1936, p. 2838.)

Thus viewed, the pertinent facts upon which decision must be based are that the petitioner was a creditor of the decedent, who died intestate on February 20, 1935.   The sole asset of the estate consisted of an adjusted service certificate from the United States government issued pursuant to the provisions of chapter 11 of title 38 of the United States Code.   This has been cashed, yielding a total sum of $664.41.   The sole statutory distributee of the intestate is a sister.

The administratrix relies on the language of section 618 of title 38 of the Code to demonstrate that the sole asset in her hands is exempt from any claim by the petitioner, while the latter rests her position

on the assertion that such exemption does not exist in favor of one who, like the sister, is not a natural dependent of the deceased veteran. Neither side has favored the court with any citation of precedents.

Section 618 reads as follows: " Benefits exempt from seizure under process and taxation. * * * No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary named under part V of this chapter, no adjusted service certificate, and no proceeds of any loan made on such certificate shall be subject to attachment, levy, or seizure under any legal or equitable process, or to national or State taxation, and no deductions on account of any indebtedness of the veteran to the United States shall be made from the adjusted service credit or from any amounts due under this chapter."

The reported adjudications in respect to this enactment are few in number, and none which the research of the court has disclosed covers the precise point here in issue.

It is a familiar fact that veteran exemption acts in general have usually been accorded a liberal construction in favor of the person sought to be benefited. (*Yates County Nat. Bank* v. *Carpenter*, 119 N. Y. 550, 554; *Surace* v. *Danna*, 248 id. 18, 24; *Stockwell* v. *National Bank of Malone*, 36 Hun, 583, 585; *Burgett* v. *Fancher*, 35 id. 647, 649; *Lind* v. *Miller*, 145 Misc. 477, 478; *Benedict* v. *Higgins*, 165 App. Div. 611, 614.) As was said in the last cited case: " The broad spirit of gratitude which prompted the enactment of this law should control the courts in enforcing it."

The same spirit is evidenced in the few cases which have construed the enactment under present consideration. (See *Jones* v. *Price*, 107 W. Va. 55; 146 S. E. 890; *DeBaum* v. *Hulett Undertaking Co.*, 169 Miss. 488, 494; 153 So. 513; *Matter of Cerello*, 155 Misc. 709, 710.) In the *DeBaum* case the Supreme Court of Mississippi observes: " This statute is to be liberally construed not only in favor of the veteran but also in favor of his estate or any beneficiary named in the certificate."

In the opinion of the court, however, it is in the present case unnecessary to invoke the principle of liberal construction in order to attain the result that the present petitioning creditor possesses no rights to a solution of her alleged obligation from the proceeds of this adjusted service certificate. The statute in express terms exempts them in the hands of four different enumerated holders, namely, *first*, the veteran himself; *second*, his dependents; *third*, his estate; and *fourth*, a beneficiary under part V of the chapter.

The fund is now in the possession of the third enumerated of these exempt holders, and by the express terms of the enactment is

immune from seizure by the petitioner or by any one else. Being thus immune, no procedure is permissible which has as its sole ultimate object a subjection of the fund to the asserted rights of the claimant. (*Benedict* v. *Higgins,* 165 App. Div. 611, 615, 616.)

This property is, in the hands of the administratrix, no more assets for general administration than is the property exempted by section 200 of the Surrogate's Court Act (*Matter of Hallenbeck,* 195 N. Y. 143, 145; *Crawford* v. *Nassoy,* 173 id. 163, 166; *Matter of Goldman,* 158 Misc. 497, 498), or a recovery in a death action under article 5 of the Decedent Estate Law. (*Phœnix Indemnity Co.* v. *Staten Island Rapid Transit R. Co.,* 251 N. Y. 127, 136; affd., 281 U. S. 98; *Werra* v. *Cassedy,* 229 App. Div. 590, 592; *Matter of Marinano,* 158 Misc. 825, 826.) It " descends directly under the statute * * * and this is true whether the estate be solvent or insolvent." (*DeBaum* v. *Hulett Undertaking Co.,* 169 Miss. 488, 495; 153 So. 513.)

Not only is this obvious under the controlling language of the Federal statute, but the result is equally unescapable under section 667 of the Civil Practice Act, which provides: " Exemptions to members in military or naval service. The pay and bounty of a non-commissioned officer, musician or private in the military or naval service of the United States or the State of New York; a land warrant, pension or other reward heretofore or hereafter granted by the United States, or by a State, for military or naval services; * * * and the uniform, arms and equipments which were used by a person in that service, are also exempt from levy and sale by virtue of an execution, and from seizure in any legal proceeding."

The court accordingly determines as a matter of law that the answer of the executrix constitutes a good defense to the relief sought by the petitioner.

The motion of the petitioner for judgment on the pleadings is accordingly denied, with costs, and she is given leave to serve an amended reply within ten days, in default of which a decree will issue dismissing the proceeding, with costs.

Enter order on notice in conformity herewith.