## In re HOUCHINS.
### No. 2287.

**District Court, S. D. West Virginia, at Bluefield.**

March 29, 1937.

Max Turk, of Bluefield, W. Va., for petitioner.

James S. Kahle, of Bluefield, W. Va., for trustee.

McCLINTIC, District Judge.

Two questions are involved in the above-entitled matter, as follows:

(1) Are the proceeds of bonds paid to a veteran of the World War under the provisions of the Adjusted Compensation Payment Act 1936 (January 27, 1936, c. 32, 49 Stat. 1099 [38 U.S.C.A. §§ 686–688b]) exempt from the claims of creditors of the veteran who has been adjudicated a bankrupt?

(2) Does the trustee in bankruptcy of the estate of the bankrupt have a legal right to proceed, for the benefit of the estate, against the wife of the bankrupt, to recover certain money given to his wife by the bankrupt, while insolvent, and within

four months of the adjudication in bankruptcy, which money was a part of the proceeds of bonds paid to the bankrupt under the said Adjusted Compensation Payment Act?

▉ Disposing of the second question first, the answer is unquestionably in the affirmative. The wife, having the property in her possession and claiming the same as hers, is an adverse claimant, and a plenary suit would be the remedy. Citations of authority upon this question would seem quite useless.

The first question is more difficult. However, the facts are not in dispute. As I understand the evidence, the veteran cashed his bond, gave a part of the proceeds of the bond to his wife, who purchased furniture with the same, and it is sought to recover this property. If the money was exempt from the debts of the veteran, then it follows that he had a right to give it to his wife.

I have searched to some extent for a case interpreting that provision of the Act of January 27, 1936, § 4, as amended, found in section 686c, 38 U.S.C.A., to wit: "Such bonds shall be issued under the authority and subject to the provisions of the Second Liberty Bond Act, as amended (see chapter 12 of Title 31), and shall not be transferable, assignable, subject to attachment, levy or seizure under any legal or equitable process and shall be payable only to the veteran or, in case of death or incompetence of the veteran, to the representative of his estate," but I have been unable to find any court decision interpreting the same.

The original act (section 308), as amended by Act July 3, 1926, § 3(a), 38 U.S.C.A. § 618, authorizing the issuance of adjusted service certificates, provides: "No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary named under Part V of this chapter, no adjusted service certificate, and no proceeds of any loan made on such certificate shall be subject to attachment, levy, or seizure under any legal or equitable process, or to national or State taxation, and no deductions on account of any indebtedness of the veteran to the United States shall be made from the adjusted service credit or from any amounts due under this chapter."

There are a number of citations interpreting this particular section holding that the proceeds from a loan on the certificates, such loans being provided for in the act, could not be attached or levied upon for the veteran's debts. Second National Bank of Greenville v. Hoblit, 41 Ohio App. 126, 179 N.E. 812; Hoerster v. Jackson City State Bank (Tex.Civ.App.) 58 S.W.(2d) 142.

Protection given by this section is against forced seizure. Shaw v. Williams (Tex. Civ.App.) 60 S.W.(2d) 1073; Fulton v. Campbell, 44 Ohio App. 376, 185 N.E. 883; In re Cerello's Estate, 155 Misc. 709, 281 N.Y.S. 599; In re Murray's Estate, 159 Misc. 865, 289 N.Y.S. 81.

▉ It was further held in Hoerster v. Jackson City State Bank, supra, that the section should be liberally construed in favor of the veteran. Other cases hold to the same view.

It is thus clearly shown that proceeds from loans on adjusted service certificates, as long as identifiable, were exempt.

The language of the act above quoted is rather broad. The words "No sum payable under this chapter to a veteran," etc. shall be "subject to attachment, levy, or seizure."

When Congress passed the act authorizing the surrender of the certificate and the issuance of bonds to the certificate holder, it was simply dealing with the question of changing the form of the evidence of indebtedness to the veteran, and was particular to say that, because of the change of that form, the bond itself was not subject to the veteran's debt, and of course had knowledge of the act exempting the proceeds arising from the obligation of the government last above quoted. The latter act does not repeal either directly or by implication the former act, nor is it in conflict with the Act of January 27, 1936. It simply is a further extension of the privilege of exemption from the veteran's debt. That is not all. As late as 1935 (section 454a 38 U.S.C.A.) Congress enacted the following (approved August 12, 1935): "Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

558

This particular section of the law appears not to have been observed by either the attorney for the creditor, attorney for the bankrupt, or the referee. The language of the same is about as broad as language could be found in a statute extending the privilege of exemption. "Payments of benefits due or to become due * * * under any of the laws relating to veterans * * * shall not be liable to attachment, levy, or seizure."

Congress, also when it passed the Act of January 27, 1936, relating to bonds, also had knowledge of the existence of this statute, which appears to cover any payments to any veteran of the World War, and, as was above stated of the Act of July 3, 1926, the Act of January 27, 1936, in no way conflicts with or repeals this particular act.

Taking all of the acts relating to exemption of proceeds from compensation, insurance, bonuses, etc., I can reach but one conclusion, and that is that the proceeds from the bonds in question are likewise exempt from the payment of the veteran's debts. Simply to say that the bonds themselves are exempt, which bonds are not transferable and cannot be hypothecated for debt, would mean nothing whatever to the veteran, if the proceeds, immediately upon receipt of the same, could be attached or levied upon for his debts.