MARY M. WHITLEY *v.* A. A. STEPHENSON et al.

1. PROBATE COURT: PROPERTY EXEMPT FROM EXECUTION DESCENDS TO WIDOW.— The husband's personal property which is exempt from execution, descends, ·upon his death without a will, directly to the widow, and vests absolutely in her, and is not therefore subject to administration by the Court of Probates.
2. WIDOW: HER RIGHT TO EXEMPT PROPERTY.—The widow is entitled to the property of her intestate husband, which by law is exempt from execution, in addition to her distributive share in his estate. See *Coleman* v. *Brooks,* 37 Miss. R.
3. SAME: ADVANCEMENTS: WIDOW NOT AFFECTED BY.—The widow of a person dying intestate, is not affected by advancements made to the children, or a portion of them, in the lifetime of her husband, but her distributive share, is a child's part of all the personalty which shall remain after the payment of her husband's debts.
4. SAME: WIDOW'S DISTRIBUTIVE SHARE, AND DOWER, WHERE SHE HAS SEPARATE ESTATE.—Where the husband dies intestate, the widow's distributive share in the personalty cannot be diminished because she owns a separate estate; but it seems that her right to dower, in the realty, will be diminished according to the provisions of Art. 30, p. 357 of the Rev. Code, whether her husband dies testate or intestate.

APPEAL from the Court of Probates of De Soto county. Hon. G. D. Campbell, judge.

Mary M. Whitley filed her petition in the Probate Court of De Soto county, stating, that she was the widow of N. G. Whitley, who died intestate in 1858, leaving eight children; that there were forty-three negroes belonging to the estate, which ought to be

divided, the other assets being sufficient to pay debts, &c. The children were made parties. It seems that proof was made to the court that Mrs. Jarman, one of the children, had received an advancement of $1420, and Mrs. Hester, another child, had also received an advancement of $1800. The court appointed three commissioners to divide the property, directing them first to give the widow, and each of the six children who had received no advancement, an amount of property sufficient to make them equal to Mrs. Jarman and Hester, and then to divide the residue into nine parts, and give a part to the widow and each child.

The commissioners met, and Mrs. Whitley then claimed, that she was entitled to that part of her husband's estate exempt from execution, and designated a slave by the name of Bee, as the one she claimed. The commissioners refused to assign any property to her under her said claim. They then gave to each of the six children, who had not received an advancement, two negroes to make them equal to Mrs. Hester and Mrs. Jarman, divided the residue of the slaves into nine parts, gave the widow one part, and each child a part, and reported their action to the court.

Mrs. Whitley excepted to the action of the commissioners: First, in not allowing her the slave exempt from execution; and secondly, in making the six children equal to Jarman and Hester, excluding herself, and then dividing the residue of the property into nine parts.

The children of Whitley also excepted to the commissioners' report, for the following reasons, viz.: They proved that Whitley and wife were married in De Soto county, in 1852, and that she then had, and had at the death of her husband, a separate personal estate of the value of $4000, which was more than half the value of each child's part of said Whitley's estate. They further proved, that under proceedings theretofore held in said court, that said widow had been allotted dower in her husband's lands in that county; that the land allotted as dower was worth $5000, her dower interest was worth $2000; and that she had received a full share of dower, and a full distributive share, without in any way accounting for her separate property, and insisted that the same should have been estimated by the commissioners.

The court overruled the exceptions of both parties, and confirmed the commissioners' report. From this decree both parties appealed.

*Walter* and *Scruggs*, for appellant Whitley.

*T. J.* and *F. A. R. Wharton*, contra.

HARRIS, J., delivered the opinion of the court.

Three questions are presented by the respective parties, in this assignment of error, for our determination.

The first we shall notice, is whether it is the duty of commissioners appointed to divide an estate, to allow the widow on her application, the property exempted by law (Art. 172, p. 469, and Art. 280, 281, p. 529, Code), from seizure under executions, &c., before proceeding to division; and whether on failure to allow the widow "to retain and hold to her own use" such property, it is error in the Probate Court to confirm the report of the commissioners depriving her of this right, notwithstanding her exceptions to such report and division?

In *Coleman* v. *Brooks*, 37 Miss. R., we have held that the widow, under the statute, is entitled to this exempt estate, over and above her distributive share. The act declares that she shall be "allowed to retain and hold it." It is no part of the estate of the decedent subject to administration or division. It descends directly to and vests by operation of law in the widow, absolutely discharged from the debts or liabilities of the husband, or the claims of the heirs, just in the same manner that the real estate vests in the heir. The only difference is, that in the case of the exempt property, it vests absolutely, and at all events, and in the case of real estate it vests *sub modo* only.

There can be therefore no greater propriety in subjecting exempt property to the course of administration, than real estate, not necessary for the payment of debts. The Probate Court has no jurisdiction of either, as against the claims of those in whom the law, directly and immediately vests the title, on the death of the husband or ancestor. The commissioners had no right, therefore, to divide this property, and the court erred in sanctioning such a proceeding against the claim of the widow "to retain and hold" it, as allowed by law.

The second question presented is, Whether the commissioners, in making division among the children (some of whom have received advancements in the lifetime of the decedent), and the widow, should allow the widow a child's part of the husband's personalty *not disposed of at his death*, after paying debts, &c., or whether they should first deduct therefrom enough to establish equality among *the children*, and then divide *the balance* between the widow and children, giving to the widow thereby, a child's part of *such balance*, instead of a child's part of the *whole estate not disposed of* at the death of decedent?

To this question, the statute furnishes a full and perfect answer. (Art. 163, p. 467, Code.) " She is entitled to share in the personal estate a child's part, out of the residue left after paying the debts of the deceased." This is the only deduction to be made before the widow's rights attach.

The last question for our decision in this case is, whether in case of *intestacy*, the widow of the decedent is excluded from both dower and a distributive share, to the extent of the value of her separate estate, as in case of testacy and renunciation by her?

This question involves a construction of Art. 30, p. 337, § 5, and §§ 22 and 23 of the Code, p. 467–470.

By Art. 30, § 5, treating " of the separate property of married women:" "In case the wife should have a separate property at the time of the death of her husband, equal in value to what would be her lawful portion of her husband's real and personal estate, *and he should have made a will*, she shall not be at liberty to signify her dissent to such will, or renounce any provision or bequest therein in her favor, and elect to take her dower in the real estate and her distributive share in the personalty. But, if her separate property be not equivalent in value, to what would be the value of her dower and distributive share of her husband's estate, then she may signify her dissent to the will, as in other cases now provided by law, and claim to have the deficiency made up to her, notwithstanding the will," &c.

This article taken by itself has reference only to the rights of the widow, when there *is a will making provision for her, and she desires to renounce the will of her husband, she having a separate estate.*

Section 22, p. 467, treats " of the widow's dower and distributive share," *when she has no separate estate.*

Art. 162, p. 467, provides, in such case, " when any person shall die *intestate,* or shall make a last will and testament, and not make therein an express provision for his wife, by giving and devising unto her such part or parcel of his real and personal estate, as shall be fully satisfactory to her, such widow may signify her dissent thereto," &c., . . . " and then either in case of intestacy, or of unsatisfactory devise or bequest, the widow shall be entitled to dower in the following manner, to wit: one-third part of the real estate for life, or in case of no child, &c., one-half of the real estate in fee simple, &c., and she shall be entitled to share in the personal estate, if there be no children, or but one child, out of the residue left after paying the debts of the deceased, one-half; but if there be more than one child, in that case she shall be entitled to a child's part, in either case in fee simple, or in lieu of her child's part, one-third of the personalty for life at her election."

This section designs to fix the rights of the widow, *when she has no separate estate.*

Sect. 23, p. 469, treats " of the widow's *remedy* for *dower.*" This section, as indeed does the whole Code, distinguishes clearly between " dower" of real estate, and " distributive share" in personal estate; and it will be remembered that the section now under consideration treats *alone* of " dower" technically, and of " *the remedy*" for its allotment.

It has no relation to personal estate whatever. By the law relating to the " separate estate of married women," provision is made as to the rights of the wife *having a separate estate,* in case of the death of her husband *leaving a will.*

By the act treating " of the widow's dower and distributive share," provision is made for all cases of testacy or intestacy, when the wife has *no separate estate.*

By Art. 176 of the section, treating " of the widow's *remedy* for *dower*" (which we have seen includes only real estate), it is provided that " nothing herein contained shall give to any widow, who had whilst married, a separate property, *any right of dower,* beyond what is provided in the law in regard *to the separate property of married women,* but the two acts shall be construed together, *in this respect,* as one law."

In *all cases,* therefore, whether of *testacy or intestacy,* where a husband dies leaving a widow *with separate estate,* her right to "*dower*" (*in the real estate*) is controverted by the provisions of Article 30, p. 337, Code, "concerning marriages," &c. But her "*distributive share*" of the personal estate, *in cases of intestacy, whether she has separate property or not,* is secured to her *absolutely and independently* by Section 22, Art. 162, 163, p. 467, Code, already quoted.

Under the views here expressed, the ruling and decree of the court below was erroneous. The decree is therefore reversed, and cause remanded for further proceedings, in accordance with this opinion.