E. M. HOLLIDAY, Administrator, *v.* H. L. HOLLAND AND WIFE.

1. WIDOW: RIGHT OF, TO PERSONAL PROPERTY EXEMPT FROM EXECUTION. —Personal property exempt from execution is no part of the estate subject to administration, but descends directly to the widow. *Whitley* v. *Stevenson,* 38 Miss. R. 115.

2. SAME : SAME: DUTY TO SET APART, AND REMEDY OF WIDOW.—It is not the administrator's duty to have the personal property exempt from execution or the year's allowance set apart to the widow ; it is made by statute the duty of the appraisers, and if they fail, the widow may obtain relief in the Probate Court.

3. SAME: SAME: REPORT OF APPRAISERS, WHEN CONFIRMED, CONCLUSIVE UPON THE RIGHTS OF THE WIDOW.—The report of the appraisers setting

Holliday, Admr. *v.* Holland et ux.

apart the personal property exempt from execution and the year's allowance, when confirmed by the Probate Court, is conclusive upon the rights of the parties, and the widow cannot take what is allotted to her by the report, and institute a new proceeding for the residue of her claim.

4. REVIVOR WHEN ACTION PENDING AGAINST ADMINISTRATOR.—A proceeding commenced in the Probate Court by the widow against the administrator of her deceased husband, to have set apart the personalty exempt from execution and the year's allowance, upon the death of the administrator, is not to be revived against his representatives, but against the administrator *de bonis* of the husband.

APPEAL from the Probate Court of Hinds county.  Hon. John W. Robb, judge.

*T. J. and F. A. R. Wharton* for appellant.

*A. L. Dabney* for appellees.

ELLETT, J., delivered the opinion of the court.

In November, 1859, a warrant of appraisement of the personal estate of H. R. Holliday, deceased, was issued, which contained a direction to the appraisers to first set apart to the widow and children one year's provision, and to the widow all the personal estate of the deceased which was by law exempt from execution.

The appraisers reported, with the inventory, that they had set apart for the support of the widow and children for twelve months, certain supplies particularly mentioned, or a sufficient sum of money to pay for the same from the effects of the estate. But the report was silent as to the personal property exempt from execution.

On the return of the inventory, no objection was made to it, and the court made an order that the same be in all things approved, confirmed, and recorded. This order recites the return of the inventory, with the allotment to the widow thereon, and that the court was satisfied that the inventory, appraisement, and allotment were property made out and certified, and that the appraisers in all their proceedings had conformed to the statute.

34

The administrator, Z. Holliday, thereupon, obtained an order, and sold all the personal property not allotted to the widow by the appraisers. In April, 1866, the widow, who had intermarried with H. L. Holland, jointly with her husband, filed their petition against Z. Holliday as administrator of H. R. Holliday, alleging that she had never received any thing on account of her allowance for the year's support, or on account of the exempt property, and praying a decree that the said administrator deliver her the property or pay her the value.

Before the appearance of the defendant, he died, and E. M. Holliday became his administrator. It does not appear who, if any person, became administrator de bonis non of H. R. Holliday. The petitioners, Holland and wife, then filed a petition to revive their proceeding against E. M. Holliday as administrator of Z. Holliday, on the suggestion that the allegations of their original petition were such as to make the said Zachariah personally responsible to them. A demurrer to this petition of revivor, filed by E. M. Holliday as administrator, having been overruled, he answered the petition; and on the trial in the Probate Court it was found and decreed that the petitioner had been paid her allowance for the year's provision allowed by the appraisers in full, and had received a part of the exempt property; and a decree was rendered for the value of the residue of the exempt property against the said E. M. Holliday as administrator of Z. Holliday, deceased, from which decree this appeal is prosecuted.

The error relied on is, that the case could not be revived against the administrator of Z. Holliday, but only against the proper representative of the first intestate.

We think this proposition is correct. It is not the duty of an administrator to have the year's support, or the exempt property, set apart for the widow. This is made the duty of the appraisers. Rev. Code, 469, art. 172, act Feb. 8, 1860, p. 375. The exempt property is no part of the estate subject to administration, but descends directly to the widow ( *Whitley* v. *Stevenson*, 38 Miss. 115), and it is her province to see that the appraisers do their duty. If they fail, she may have their report

referred back to them with instructions. But when the report of the appraisers has been confirmed, it concludes the rights of the parties until reversed or set aside by due course of law, no matter how irregular or erroneous it may be. The widow cannot take what is allotted to her by the report, and institute a new proceeding for the residue of her claim. When this report of the appraisers was confirmed by the court, the administrator had a right to sell all the personal property not set apart to the widow, and he could not be liable to her individually for so doing. He has been guilty of no wrong towards her, and her failure to obtain what may have been her rights, is due, in the first place, to the omission of the appraisers to perform their duty properly, and, in the second place, to her own negligence in not having their report corrected at the proper time.

The decree will be reversed, and a decree entered here dismissing the petition.