## Wilmoth Wally *v.* J. M. Wally *et al.*

1. PERSONALTY EXEMPT FROM EXECUTION: WIDOW ENTITLED TO, IN ADDITION TO HER DISTRIBUTIVE SHARE.—The widow of an intestate is entitled to the personalty exempt from execution, in addition to her distributive share of his estate.

2. SAME: SAME: DUTY OF APPRAISERS: TITLE TO, NOT DEPENDENT ON THEIR ACTION.—It is made by statute the duty of the appraiser to set apart to the widow the personal property, exempt from execution; but her title to the property does not depend on their action, but vests, by operation of law, without any condition, limitation, or restriction as to the right.

3. SAME: SAME: RIGHT TO, NOT AFFECTED BY HER OWNERSHIP OF A SEPARATE ESTATE, OR THAT SHE IS WITHOUT CHILDREN,—The right of the widow to the personal property of her deceased husband, dying intestate, exempt from execution, and to a year's allowance for her support,

42

is not affected by the ownership of a separate estate at the time of her husband's death, nor by the fact that she had no children.

APPEAL from Probate Court of Greene county. Hon. Wm. C. Denmark, judge.

The opinion of the court contains a statement of the case.

*Chapman & Terrall*, for appellants, cited: Rev. Code, 467; acts of 1860, 375; *Whitley* v. *Stephenson*, 38 Miss. 113; *Coleman* v. *Brooks*, 37; ib. 171.

No counsel for appellees.

PEYTON, J., delivered the opinion of the court.

The record in this case shows that the appraisers appointed by the Probate Court of Greene county, to appraise the personal property of James Wally, deceased, set apart to the widow and children of said decedent, all the personal estate of said deceased intestate which is by law exempted from sale under execution for any debt contracted by said decedent, and also set apart to the widow the provisions on hand, and made an allowance to her of $175 to purchase provisions, in addition to those on hand, for her support for one year, and made report thereof to the said Probate Court, at the January term, 1864. When the appellees, James M. Wally and the other heirs of the deceased, appeared and filed the following objections to said report:

1. Because the said widow had, in her own right, a separate property, at the death of said deceased, equal in value to what would be her lawful portion of her husband's estate, and therefore she is not by law entitled to the exempted property, nor to a year's support for herself.

2. That the said widow had no children by her said deceased husband.

Upon the hearing of this cause, it was admitted by the counsel for both parties that the widow of the deceased had no children by him, and that he had children by a former wife, all of whom were of adult age, and that the widow had a separate

property at the time of the death of her husband, equal in value to what would be her lawful portion of her husband's real and personal estate, and that said decedent died intestate; whereupon the court sustained the objections to said report, and decreed that the same be disapproved and disallowed. From this decree the appellee, widow of said decedent, prosecutes an appeal to this court.

The statute enacted in 1860, which furnishes the rule of decision in this case, provides that the widow and children of any deceased person shall be allowed to retain and hold to their use all the personal estate of such deceased person, which is by law exempted from sale under execution for any debt contracted by such decedent, and it shall be the duty of the appraisers of an estate to set apart to the widow and children such personal property of the deceased as is exempted by law from execution, and make report thereof to the Probate Court. Pamphlet acts of 1860, p. 375.

Under a former statute, the widow alone was entitled to the exempted property. Rev. Code, 469, article 172. This was amended by the act above referred to of 1860, so as to include the children with the widow. She takes under this statute jointly with the children what she took alone under the new Code.

There can be no doubt that the widow and children of James Wally deceased, are entitled to all the personal estate of the said decedent which is exempted by law from execution, and the widow's interest therein is not affected by any separate property which she may have had at the time of the death of her said husband.

This property, upon the death of any person dying intestate, descends directly to the widow and children, and vests, by operation of law, absolutely in them without any condition, limitation, or restriction as to their right to the same. And although it is made the duty of the appraisers of an estate, for convenience and to prevent litigation, to designate and to set apart said property to the widow and children, yet their title to the same does not depend upon any action of the appraisers.

Under the last named statute, the widow, together with the children of any person dying intestate, takes all the personal estate of the deceased which was exempted by law from execution, notwithstanding she may be the owner, at the time of his death, of separate property, equal in value to her distributive share, and she takes this in addition to her distributive share in his estate.

The principle of law which governs this case, with regard to the exempted property, has been settled by the adjudications of this court in the cases of *Coleman* v. *Brooke*, 37 Miss. 71; *Whitley* v. *Stephenson*, 38 Miss. 113.

And with regard to the other question presented by this record, we are clearly of opinion that appellant was entitled to one year's support for herself out of the estate of her deceased husband, notwithstanding she may have had a separate estate, and no children by him. The appraisers appear to have exercised a reasonable discretion in making provision for the widow's support for one year, out of the estate of her deceased husband.

The court erred in sustaining the appellee's objection to the appraisers' report, and in disallowing the same.

The decree must, therefore, be reversed, and this court, proceeding to render such decree as the court below should have rendered, do order, adjudge and decree, that the said report of the appraisers of the personal estate of James Wally, deceased, setting apart to the appellant and children of the deceased all the personal property of said decedent exempted by law from execution, and to the appellant one year's allowance for her support, be received, approved, and in all things confirmed; and that Edward W. Davis, administrator of the goods and chattels, rights and credits, of said decedent, do comply with the same by delivering over to the appellant the provisions, and by paying her the money, set apart for her use by the said appraisers.