## T. J. GRAFTON ET AL. *v.* L. A. SMITH.

1. EXEMPT PROPERTY. *Right of widow. Act* 1865, *p.* 138.

   Under the act of 1865, on the death of the husband the widow was entitled to receive, for the benefit of herself and children, the exempt personal property or its proceeds; and this, although such property had been appraised, inventoried, and ordered to be sold by the administrator as part of the estate of the decedent.

2. EXEMPT PROPERTY; NOT PART OF ESTATE FOR ADMINISTRATION.

   The exempt personal property of a decedent vests in his widow and children, and is not subject to administration as part of his estate. *Whitley* v. *Stephenson,* 38 Miss. 113.

FROM the chancery court of Madison county.

HON. WARREN COWAN, Chancellor.

In 1869 L. A. Smith died in Madison county intestate, leaving a widow and two children, the elder, L. A. Smith, being about two years old. He left no estate for administration, and only some exempt personalty. Soon thereafter T. C. Stein was appointed administrator of the estate of said Smith, and, although this personal property was all exempt, it was irregularly appraised and inventoried as part of the estate, and the inventory was approved by the court. It was not set apart to the widow, and the administrator obtained an order of court to sell the same and advertised it for sale. On the day of sale, however, after selling a portion of the property, he turned over the proceeds to the widow, and delivered to her the remainder of the property. He made no report to the court and did not account for this property. The property was of the value of about seven hundred dollars. The widow paid the expenses of the last sickness and burial of the deceased out of the fund. She had no other means, and the money and property so turned over to her was consumed in the support of herself and children. The younger child died soon after the father, and the widow died in 1887, having never remarried.

On June 4, 1888, nineteen years after the father's death, L. A. Smith, the appellee, having arrived at age, filed this bill against appellants, the representative of the administrator, who has de-

parted this life, and the sureties on his administration bond, seeking to recover the value of this property as shown by the inventory.

The defendants answered, setting up the facts above stated, and made their answer a cross bill praying for final discharge from liability on said bond.

A demurrer was sustained to the cross bill, and defendants appealed.

*F. B. Pratt,* for appellants.

The estate consisted wholly of exempt property, which, " upon the death of the husband descended to the widow as the head of the family during her widowhood, for the use and benefit of herself and children, and in the event of her death or marriage to descend in like manner as other property descends by the laws of this state." Acts 1865, p. 138.

It is clear that if the widow had taken possession of this property and had never allowed the administrator to intermeddle with it, he would not be liable for it.

It is also clear that had he, after taking possession and surrendering the property to the widow, reported his action to the court, he would have been discharged from liability.

Exempt property descends to the widow, and is not part of the estate. The probate court had no jurisdiction over it for administration. *Whitley* v. *Stephenson,* 38 Miss. 113 ; *Wally* v. *Wally,* 41 Ib. 659.

The administrator committed an error in taking this property, and he corrected this error by returning the property. He never had *any property subject to administration.*

*Holliday* v. *Holland,* 41 Miss., is not an authority against us. It reiterates the doctrine that exempt property is no part of the estate. The only question at issue was as to whether a proceeding by the widow to have set apart the exempt property should be against the personal representative of the deceased administrator or against the administrator *de bonis non* of her husband's estate.

It is immaterial that the property was not set apart to the widow, and that it was inventoried and ordered to be sold as part of the estate. She was not prejudiced by this, for she was entitled to the

property *by operation of law*, immediately upon the death of the husband. 56 Iowa 26 ; 24 Ark. 562 ; 2 Bradf. 7 ; *Crow* v. *Perkins*, 1 J. Bax. (57 Tenn.) 367 ; 4 Heisk. (Tenn.) 220 ; *Neely* v. *McCormick*, 25 Pa. St. 255 ; 13 Ala. 533 ; 8 N. Y. 34 ; *Curd* v. *Curd*, 9 Hump. (Tenn.) 171 ; 6 Iowa 47.

If we concede it to be true that the widow only had a life estate, with remainder to the heir at law, yet neither the probate court nor the administrator would have anything to do with that. Delivery to the life tenant in such case would protect the administrator. *Hall* v. *Hall*, 27 Miss. 458 ; *Judge* v. *Alexander*, 31 Ib. 297 ; *Andrews* v. *Brumfield*, 32 Ib. 110.

This case is disguishable from *Hardin* v. *Osborne*, 43 Miss. 532. As the children were all adults, the decision in that case may have been right, but it hardly seems in harmony with the spirit and policy of our law.

The statute giving the widow the exempt property for the benefit of herself and children certainly conferred the right to use and consume it. Otherwise she and her children might starve. 1 Perry on Trusts, § 118.

*F. B. Pratt* also argued the case orally.

*Smith & Powell*, for appellee.

1. The widow took only a life interest in the *use* of the exempt property jointly with her children, subject to be defeated by death or marriage. She took no interest in the *corpus* of the property. None of our decisions under the act of 1860 are applicable, for the statute was different.

The exact question which is present here was decided in *Hardin* v. *Osborne*, 43 Miss. 532, reaffirmed in *Power* v. *Telford*, 60 Miss. 199. We think we can rely on these decisions as authority for our position. The widow is entitled to a child's part of the fund, to be used by her during life or widowhood, and when it is in money she will be required to give bond. It is clear that the wife could not have disposed of this property if she had taken it in the first instance, and, if she had taken it, on application of the children, she would have been compelled to give bond for the forthcoming of the property upon marriage or death.

But the administrator took it, and thus made himself a trustee, and he will be made to account as such. It was not the duty of the administrator to turn the property over to the widow without bond, contrary to the decision in *Hardin* v. *Osborne.* If this could be done, the widow could do *through* the administrator what she could not have done had she taken the property in the first instance.

2. But if we concede that the widow had the right to the possession of the property at the outset, we say she lost her right to it by allowing it to be appraised, and not setting up her claim to it as exempt. *Holliday* v. *Holland,* 41 Miss. 528.

If she did not lose her right to all of it, she at least lost her claim to that part of the property which was sold by the administrator under the order of the court, for he had the right to sell all the property not set apart as exempt by the appraisers. 41 Miss. 528. It was her own negligence not to have the property set apart at the proper time.

*R. C. Smith* argued the case orally.

ARNOLD, C. J., delivered the opinion of the court.

The demurrer to the cross bill should have been overruled. The personal property exempt from execution and attachment, was no part of the estate of J. A. Smith, subject to administration. *Whitley* v. *Stephenson,* 38 Miss. 113. When the administrator took charge of it, he acted without authority of law ; when he delivered it and the money received from its sale, to the widow, he did what he should have done.

Under the act of 1865, the exempt property descended, on the death of the husband, to his widow as the head of the family, during her widowhood, for the use and benefit of herself and children, and in the event of her marriage or death, it descended like other property under the laws of the state. Acts 1865, 138. As against the administrator of the husband, the widow, as head of the family, was clearly entitled, under that act, to the exempt property, and the proceeds derived from its sale, when it was unlawfully taken possession of and sold by the administrator. If

he had withheld either from the widow, she could have compelled him to have delivered it to her. *Stephenson* v. *Osborne*, 41 Miss. 119. He and the sureties on his bond should not be held liable for doing what he would have been required by law, to do.

The case is not controlled by *Hardin* v. *Osborne*, 43 Miss. 532, where the contest was between the widow and adult children living apart from her, over a fund in court, derived from a sale of exempt property.

The fact that an appraisement of the personal property had been made and approved, and that the appraisers failed to set apart to the widow as head of the family, the exempt property, did not affect her right to the same. Her right to such property vested by operation of law, and was not dependent, in any manner, on the action of the appraisers, or the want of action on their part. *Whitley* v. *Stephenson, supra; Wally* v. *Wally,* 41 Miss. 657.

*Holliday* v. *Holland,* 41 Miss. 528, is not to the contrary. It decides nothing, except that when a proceeding has been commenced by the widow against the administrator of her deceased husband, to have set apart the personalty exempt from execution and attachment, etc., on the death of the administrator, the proceeding should not be revived against his representative, but against the administrator *de bonis non* of the husband.

*Reversed: demurrer to cross bill overruled, and leave to appellee to answer within thirty days after the filing of the mandate herein, in the lower court.*