# WILSON *v.* MAY.

(Division B. Feb. 19, 1934.)

[152 So. 878. No. 30673.]

H. L. Bayless, Jr., of Union, for appellant.

J. Wesley Miller, of Kosciusko, for appellee.

Anderson, J., delivered the opinion of the court.

Appellee obtained a judgment against appellant in the county court of Newton county for the sum of five hundred ninety-nine dollars and sixty cents. The judgment was enrolled. Appellee learned that T. W. Brand, clerk

of the county court, had in his custody one hundred ten dollars belonging to appellant, whereupon he made the statutory suggestion for garnishment of the fund in the clerk's possession. Accordingly, the required writ was issued and served, and the clerk answered that he had one hundred ten dollars in his custody belonging to appellant. Appellant claimed that the one hundred ten dollars was exempt from levy or seizure under legal process, because it was a part of the proceeds of a loan on an adjusted service certificate held by him as a World War veteran.

Appellant testified, and his evidence is undisputed, that he was a World War veteran; that as such he owned and held an adjusted service certificate; that on March 13, 1931, he borrowed from the federal government four hundred thirty-four dollars and fifty cents and put up as security therefor his adjusted service certificate; that two or three weeks later he was charged with the unlawful possession of intoxicating liquor, and in lieu of an appearance bond to answer the charge he placed in the hands of the clerk of the county court, where the charge was pending, the sum of one hundred ten dollars, and that this amount was a part of the identical money he borrowed from the government on his adjusted service certificate; that when he borrowed the four hundred thirty-four dollars and fifty cents on his adjusted service certificate he cashed the government warrant representing the loan and put the money in his pocket, and out of that identical money he put up the one hundred ten dollars with the clerk in lieu of an appearance bond.

The court rendered a judgment for appellee, holding that the one hundred ten dollars was not exempt from legal process. From that judgment, appellant appeals.

44 Statute, 827, section 3 (a), 38 U. S. C. A., section 618, provides as follows:

"No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary

named under Part V of this chapter, no adjusted service certificate, and no proceeds of any loan made on such certificate shall be subject to attachment, levy, or seizure under any legal or equitable process, or to national or state taxation, and no deductions on account of any indebtedness of the veteran to the United States shall be made from the adjusted service credit or from any amounts due under this chapter.''

The statute should be liberally construed in favor of the veteran. The proceeds of a loan on an adjusted compensation certificate of a war veteran are exempt from execution or garnishment so long as the fund can be traced. A veteran's deposit in a bank of proceeds of a loan on his adjusted compensation certificate is exempt from garnishment, notwithstanding he deposited other items in his bank account ''not affecting traceability of proceeds of loan.'' Hoerster v. Johnson City State Bank (Tex. Civ. App. 1933), 58 S. W. (2d) 142; Second National Bank of Greenville v. Hoblit (1931), 41 Ohio App. 126, 179 N. E. 812; Matter of Citizens' Trust Co. of Utica, N. Y. (In re Murphy's Committee), 134 Misc. 683, 236 N. Y. S. 343; Wilson v. Sawyer, 177 Ark. 492, 6 S. W. (2d) 825.

We are of the opinion, under the statute and the above authorities construing it, that the one hundred ten dollars belonging to appellant, sought to be reached by garnishment, was exempt from legal process.

Reversed and judgment here for appellant.