## De Baum v. Hulett Undertaking Co.

(Division B. March 19, 1934.)

[153 So. 513. No. 30965.]

**J. T. Garraway,** of Purvis, and **Rawls & Hathorn,** of Columbia, for appellant.

**Jesse P. Stennis**, of Hattiesburg, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee, James E. Hulett, doing business as Hulett Undertaking Company, filed a petition in the matter of the administration of the estate of Oscar C. Dewitt, deceased, pending in the chancery court of Forrest county,

seeking to set aside and vacate a decree theretofore entered in said cause awarding appellant, the widow of said decedent, the sum of five hundred dollars out of the proceeds of her husband's adjusted service certificate, which he held as a World War veteran. The cause was heard on the pleadings alone, resulting in a decree in appellee's favor. Appellant was granted an appeal to settle the principles of the cause.

Oscar C. Dewitt died on the 22d of July, 1932, intestate. On the 27th of the same month his brother, Henry W. Dewitt, was appointed administrator of his estate. In his petition for appointment he set up, in addition to the jurisdictional facts, that before the death of Oscar C. Dewitt he and his wife (appellant) were separated but not divorced; that before their separation they had a property settlement; that he transferred to her a part of his property in consideration of which she released all further interest in his estate; that therefore she was not an heir of her husband; that his sole and only heirs were his brothers and sisters and the children of a deceased sister; that the petitioner Henry W. Dewitt was one of his brothers. An order was entered on the same day the petition was filed granting its prayer and fixing the administrator's bond at one thousand five hundred dollars. The bond was given and the letters accordingly issued.

On January 20, 1933, appellant filed a petition in the cause, setting up that she was the widow and sole heir at law of the deceased and was entitled to administer his estate, and that the deceased, at the time of his death, held an adjusted compensation certificate as a World War veteran of the value of $765, which under the law belonged to her, and was not a part of the estate to be administered. She prayed that Henry W. Dewitt be removed as administrator, and that she be appointed in his stead.

The administrator answered the petition denying the allegations as to the adjusted war certificate and set up that the deceased, during his lifetime, had changed the beneficiary from apppellant to his estate. On the 23d of March, 1933, a consent decree was entered (consented to alone by appellant and the administrator), in which the court dismissed appellant's petition to be appointed administrator of her husband's estate and awarded her the sum of five hundred dollars out of the proceeds of his World War adjusted service certificate, when collected by the administrator, freed from the debts of the estate. Before the administrator had paid the five hundred dollars to appellant, appellee filed a petition in the administration cause, making appellant and the administrator parties, seeking to vacate and set aside the decree authorizing its payment, upon the ground that the proceeds of the adjusted service certificate of the deceased were subject to his debts, and that appellee was a creditor of the estate in the sum of about one thousand five hundred dollars for the funeral expenses of the deceased, and that the decree authorizing the payment of the five hundred dollars to appellant was unauthorized by law and not binding on appellee, who was not a party thereto.

Appellant answered appellee's petition, denied its material allegations, and in addition set up that the proceeds of the adjusted war certificate were exempt from the debts of the estate, and belonged to her under the law as the sole heir of her deceased husband; and further that the question was res adjudicata, having been determined in the consent decree. With her answer she filed a demurrer challenging the legal sufficiency of appellee's petition.

The court overruled appellant's demurrer and held the plea of res adjudicata without merit, and, as stated, granted an appeal to settle the principles of the cause.

The view we take renders it unnecessary to pass on the plea of res adjudicata. 44 Stat. 827, U. S. C. A., title 38, section 618, provides as follows: "No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary named under Part V of this chapter, no adjusted service certificate, and no proceeds of any loan made on such certificate shall be subject to attachment, levy, or seizure under any legal or equitable process, or to national or state taxation, and no deductions on account of any indebtedness of the veteran to the United States shall be made from the adjusted service credit or from any amounts due under this chapter."

This statute is to be liberally construed not only in favor of the veteran but also in favor of his estate or any beneficiary named in the certificate. R. A. Wilson v. L. E. May (Miss.), 152 So. 878, decided February 19, 1934, and authorities there referred to. This statute was passed by Congress under the authority of the war powers granted to the federal government by section 8 of article 1 of the Constitution, and is therefore binding on the states. The statute exempts the certificate, as well as the proceeds of any loan made thereon, from "attachment, levy, or seizure under any legal or equitable process" in favor of the veteran, his dependents, his estate, or any beneficiary named under part V of the act. "Any legal or equitable process" should be given a broad construction. The language "attachment, levy, or seizure" is not confined to the mere process of a court in the hands of an officer of the court to be executed, but refers as well to any judgment or decree of a court of law or equity subjecting the adjusted certificate, or the proceeds of any loan thereon, to the payment of the debts of the veteran.

Section 1410, Code of 1930, provides that the real and personal property exempt from the debts of a decedent shall, in case there are no children or descendants of chil-

dren, descend to the surviving wife or husband. The exempt property is no part of the estate to be administered, and descends directly under the statute, Whitley v. Stephenson, 38 Miss. 113; Holliday v. Holland, 41 Miss. 528; Wally v. Wally, 41 Miss. 657; and this is true whether the estate be solvent or insolvent, Mason v. O'Brien, 42 Miss. 420.

Section 1656, Code of 1930, requires the appraisers to set aside to the widow and children, or to the widow, if there be no children, the decedent's exempt personal property and make report thereof to the court, but provides that such action on the part of the appraisers shall not be necessary to vest title in them, but title "shall vest in them by operation of law on the death of the husband and father." The exempt property descends freed not only from the debts incurred by the owner in his lifetime, but also the expenses of his last illness and funeral; and this is true whether the estate be solvent or insolvent.

Under section 1724, Code of 1930, if the estate be insolvent the expenses of the last illness and funeral are preferred, but in determining its solvency exempt property is not taken into consideration; it is no part of the estate administered for the benefit of creditors. The personal representative has nothing to do with the exempt real estate; it descends at once under section 1410, as does the exempt personal property also. However, under section 1656 exempt personal property may enter into the administration of the estate to the extent only of being separated by the appraisers from the balance of the estate and set aside to those entitled thereto, but under the statute the title descends whether the appraisers perform their duty in that respect or not. In other words, where section 1410, Code of 1930, comes into operation neither the exempt real estate nor exempt personal property forms any part of the estate to be administered by

the personal representative for the benefit of the creditors.

Appellant denied in her pleading that she made a property settlement with her husband by which she released all her interest in his estate, but whether she did or not, and if she did whether such a contract is binding on her, is wholly immaterial in a contest between her and the creditors of the estate, for, as shown, the creditors have no interest in that part of the estate set aside to her. Furthermore if by such property settlement with her husband appellant is entitled to no part of his estate, still, under the federal statute, the proceeds of the adjusted war certificate would be free from the debts of the estate. That statute is broader than our exemption statutes. By its express terms the certificate, as well as its proceeds, is exempt not only to any dependent or beneficiary, *but to the estate of the holder.* It goes to the heirs, regardless of who they are, freed from debt.

Reversed and remanded.