DEWITT *v.* DE BAUN.

(Division B. Feb. 25, 1935.)

[159 So. 552. No. 31596.]

114

**Jas. E. Coughlin,** of Hattiesburg, for appellant.

**Rawls & Hathorn,** of Columbia, and **J. T. Garraway,** of Purvis, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The antecedent facts which form the basis of the present proceedings and of the appeal now before us are stated in De Baun v. Undertaking Co., 169 Miss. 488, except perhaps there should now be added to the statement on page 493, 153 So. 513, 514, in respect to the consent decree, by which Mrs. De Baun was to be paid five hundred dollars in full settlement of all her claim against the estate of the decedent, that this consent decree came about by way of compromise. There was a serious dispute of fact whether Mrs. De Baun was the lawful wife of the decedent at the time of his death. If she was the lawful wife at the time, she was entitled to the entire estate. If she was not the widow, she was entitled to nothing in it.

This issue and dispute was fully brought to the attention of the court, and in full view thereof the court ratified the compromise and entered the consent decree on March 23, 1933, and the administrator was directed to pay to Mrs. De Baun the five hundred dollars mentioned out of the proceeds of decedent's World War adjusted service certificate when collected by the administrator. But before the money was paid, the undertaking company interposed its claim, whereupon the chancellor ordered the administrator, appellant here, to withhold the payment to Mrs. De Baun until the claim of the undertaking company should be finally adjudicated.

By the decision of this court on March 19, 1934, De Baun v. Undertaking Co., supra, there was a final adjudication that the claim of the undertaking company was not available against the proceeds of the said service certificate. Upon the rendition of that decision by the Supreme Court, there remained, so far as the record in the estate disclosed, no further obstacle against the payment by the administrator to Mrs. De Baun of the five hundred dollars which in the meantime had been fully collected by the administrator. But the administrator did not make the payment, and on April 14, 1934, Mrs. De Baun procured a further order in vacation from the chancellor, but without notice to the administrator, expressly directing the administrator to make the payment.

Immediately after the rendition of the order last mentioned, the solicitors for Mrs. De Baun notified the administrator of its rendition and requested payment. This fact is shown by the evidence, and expressly found to be true by the decree of the chancellor now under review. But the administrator paid no attention to the order or to the requests by the solicitors for payment; and after repeated efforts on the part of the solicitors to have the administrator make the payment, a petition showing the facts was filed by Mrs. De Baun on May 14, 1934, praying that the administrator be adjudged in contempt and that he be imprisoned until he comply with the order.

Upon the presentation of this petition to the chancellor, he ordered a citation to the administrator to answer on a date fixed, to-wit, on May 26, 1934. On that day the administrator appeared and filed a lengthy answer, which he denominated a petition, in which he set up a history of the administration and of the various controversies therein, and sought thereby to have the consent decree first above mentioned set aside, and averred that the brothers and sisters of the decedent were threatening him with suit in the event he paid the five hundred dollars, and averring again that Mrs. De Baun

was not the lawful wife of the decedent at the time of his death; and averring also that he had no notice of the application for the order made by the chancellor on April 14, 1934, or of the time and place of the hearing thereof. Evidence was taken on the petition and answer, and upon the conclusion thereof the chancellor adjudged that the administrator was in contempt and decreed that he be committed to jail there to remain until he paid the said five hundred dollars, from which decree of contempt the administrator appealed.

Beyond the foregoing statement of facts but little need be added. That the chancery court or the chancellor in vacation has the power and duty, both inherent and by statute, to coerce obedience to its orders, in such a case as this, by imprisonment for contempt, until the order be complied with, is too well settled to require any review of the authorities. And, as to want of formal notice to the administrator at the time of the rendition of the order of April 14, 1934, the practice has long been followed in this state in probate proceedings that where the propriety of a requested administrative order sufficiently appears upon the face of the existing authentic record of the matter and no additional facts are necessary to the support of the order, no notice to the administrator or executor is necessary. The order in such case will be deemed upon the support of the existing authentic record to be prima facie correct; and, if there be reasons for the revocation or modification of the order, the administrator may, and sometimes must, upon receiving knowledge of the order, move with reasonable promptness to have the order vacated or modified. The order in question was appropriate upon the face of the existing record, and the administrator received notice of the order immediately after its rendition; and thereupon it was his duty either to obey it or forthwith exhibit his petition to set it aside, and to set forth any and all reasons therefor and the facts which support the asserted reasons. But

instead of doing this, the administrator simply ignored the order vacated or modified. The order in question was recently stated and applied in an alimony contempt case, Redding v. Redding, 167 Miss. 780, 782, 150 So. 776. In all these cases, the principle is that when a party to any chancery cause or matter has been required to pay money under an order of the court or chancellor, prima facie valid, and the party has legal or equitable reasons based upon presently existing facts which would excuse compliance with the order, or furnish grounds for its revocation or modification, these facts and reasons should with reasonable promptitude be made known to the court by the party so ordered, and not wait until he has been cited for contempt. And if he do not take the reasonable course first mentioned, he will be required to make a particularly clear case in defense of the petition and citation for contempt, and this the appellant has not done in this case.

Affirmed.