14538

WILLIAMS v. HIOTT, PROBATE JUDGE, *ET AL.*

(193 S. E., 133)

April, 1937.

*Mr. W. A. Isgett,* for appellant, cites:

October 6, 1937.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This case presents the question whether the proceeds of an adjusted service certificate paid to the estate of a veteran by the Veterans' Administration under the World War Ad-

justed Compensation Act (May 19, 1924, c. 157, 43 Stat., 121, as amended 38 U. S. C. A., § 591 *et seq.*), is exempt from the claims of his creditors.

Mack Butler, the soldier, died on or about November, 1935, leaving as his heirs at law his wife and four children, named as defendants herein. At the time of his death he had in his possession an adjusted service certificate having a value of $261.63, which amount the bureau, on or about January 1, 1937, paid over to J. C. Hiott, Judge of the Probate Court, as statutory administrator for the estate of the deceased. The plaintiff, Roger Williams, filed with the Probate Judge a claim against the estate of the deceased amounting to $225.00, evidenced by a promissory note given to him by the soldier in March, 1933. The Probate Judge disallowed the claim, holding that the proceeds of the adjusted service certificate were not liable for the payment of this note, and were exempt from the claims of creditors. Upon exceptions being taken to the Circuit Court, that Court, by its decree dated April 27, 1937, affirmed the order of the Probate Court, and held that the fund paid by the bureau into the hands of the Probate Judge, as statutory administrator, was subject to distribution, freed of all claims of any and all creditors. The plaintiff has appealed to this Court from this order.

The appellant's main contention is that this money, having once been paid by the bureau to the statutory administrator, immediately became subject to the payment of debts of creditors of the deceased soldier. We think the law does not sustain this contention.

Section 618 of the Act (title 38, U. S. C. A.), provides: "No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary named under Part V of this chapter, no adjusted service certificate, and no proceeds of any loan made on such certificate shall be subject to attachment, levy, or seizure under any legal or equitable process, or to national or State taxation."

The proceeds of the adjusted service certificate, after the death of the solder, were paid to his estate, and under the provisions of the foregoing paragraph were exempt from the claims of creditors against his estate, and belonged to his heirs at law. To the same effect see *DeBaum v. Hulett Undertaking Co.* (1934), 169 Miss., 488, 153 So., 513. And see comprehensive note on this subject in 109 A. L. R., 433.

The exceptions are overruled, and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.