Ex parte Zoilo Ferrero Acosta (Judicial Administration of the Estate of Angel Ferrero Acosta), Petitioner and Appellant; Eugenia Montalvo, Claimant and Appellee.

No. 8278. Argued December 11, 1941.—Decided January 13, 1942.

*Felipe Colón Díaz* for appellant. *Frank Torres* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Angel Ferrero Acosta died in Ponce on June 15, 1936, and the District Court of Ponce decreed a judicial administration of his estate. Zoilo Ferrero Acosta, a brother of the decedent, was appointed judicial administrator.

Eugenia Montalvo, concubine of Angel Ferrero Acosta, brought an action of debt against the judicial administrator and obtained a judgment for $339.50 in the municipal court. That judgment was affirmed, on appeal, by the District Court of Ponce and then by this court (56 P.R.R. 829). Subsequently Eugenia Montalvo filed, within the judicial administration proceeding, a motion for the rendition by the judicial administrator, pursuant to Section 591 of the Code of Civil Procedure, of his final account and for the payment to the creditor of the amount of the judgment. The judicial administrator pleaded as a special defense to said motion that the estate of the decedent Angel Ferrero Acosta consisted only of one United States Adjusted–Service Certificate (Soldier's Bonus) and that said certificate, under the applicable Federal statute, was exempt from attachment or execution. The District Court of Ponce granted the motion of Eugenia Montalvo and disposed of the said defense as follows:

"The special defense set up by the judicial administrator that an adjusted-service certificate is exempt from attachment or execution must be dismissed. The plaintiff creditor is not seeking the attachment or execution of the certificate in question. What the plaintiff creditor seeks is the rendition by the judicial administrator, in compliance with Section 591 of the Code of Civil Procedure, 1933 ed., of his final account, and that out of the estate of Angel Ferrero Acosta, which, in our opinion, consists only of the proceeds of the adjusted-service certificate, the sum of $339.50 be paid to said judgment creditor.

"Eugenia Montalvo, as creditor, is entitled to have the judicial administrator compelled by this court to render his final account. It is also the duty of every judicial administrator to pay decedent's debts within a reasonable time.

"The judicial administrator has overlooked the fact that until decedent's debts are paid and all the expenses of the administration are satisfied, no distribution can be made of the residue among the persons entitled thereto.

"Viewing the question from a different angle, we will say that the Supreme Court, as well as this court, has held that Angel Ferrero Acosta had promised to pay to the plaintiff creditor the sum of $339.50 out of the proceeds of the adjusted-service certificate. As that has already been determined, and as the judicial administrator is the continuation of the personality of the decedent, the administrator is now precluded from rejecting the claim of Eugenia Montalvo and must satisfy the same."

It is from the above decision that the administrator has appealed to this court. He confines himself, however, to invoking the applicable statute, without citing any supporting decisions.

■ Said Federal statute, as amended in 1926, is Section 618 of 38 U.S.C.A., which reads as follows:

"Section 618.—*Benefits exempt from seizure under process and taxation; no deductions for indebtedness to United States.*—No sum payable under this chapter to a veteran or his dependents, or to his estate, or to any beneficiary named under Part V of this chapter, no adjusted-service certificate, and no proceeds of any loan made on such certificate shall be subject to attachment, levy, or seizure under any legal or equitable process, or to national or State taxation, and no deductions on account of any indebtedness of the

veteran to the United States shall be made from the adjusted-service credit or from any amounts due under this chapter.''

In the first place, although it is true, as stated by the court *a quo* in its decision, that in the former case it was held that Angel Ferrero Acosta had promised to pay to the plaintiff the sum of $339.50 which he owed to her, out of the proceeds of the adjusted-service certificate, this does not mean that the judicial administrator is precluded from pleading the special defense whereby he sets up an important new legal question which was neither raised nor determined in the former action. Angel Ferrero Acosta could have freely fulfilled the promise made by him to his concubine, should he have cashed the certificate during his lifetime. The fundamental question for decision now is whether, upon the death of the soldier without his having cashed the certificate, the latter can be held to answer for his debts. The question, under facts similar to those in the case at bar, has unanimously been answered in the negative by the courts of the continental United States. See the note published in 109 A.L.R. 433.

The Supreme Court of Mississippi, in *De Baum* v. *Hulett Undertaking Co.*, (1934) 153 So. 513, held that section 618, *supra,* ''is to be liberally construed not only in favor of the veteran but also in favor of his estate or any beneficiary named in the certificate.'' The court went on to say:

''. . . The language 'attachment, levy, or seizure' is not confined to the mere process of a court in the hands of an officer of the court to be executed, *but refers as well to any judgment or decree of a court of law or equity subjecting the adjusted certificate, or the proceeds of any loan thereon, to the payment of the debts of the veteran.* (Italics ours.)

''*      *      *      *      *      *      *

''. . . That statute is broader than our exemption statutes. By its express terms the certificate, as well as its proceeds, is exempt not only to any dependent or beneficiary, *but to the estate of the holder.* It goes to the heirs, regardless of who they are, freed from debt.''

In the case of *In re Murray's Estate*, (1936), 289 N. Y. Supp. 81, the Surrogate Court of Kings County, New York, said:

"Thus viewed, the pertinent facts upon which decision must be based are that the petitioner was a creditor of the decedent, who died intestate on February 20, 1935. The sole asset of the estate consisted of an adjusted service certificate from the United States government issued pursuant to the provisions of chapter 11 of title 38 of the United States Code (38 U.S.C.A. sec. 591 et seq.). This has been cashed, yielding a total sum of $664.41. The sole statutory distributee of the intestate is a sister.

"*       *       *       *       *       *       *

"It is a familiar fact that veteran exemption acts in general have usually been accorded a liberal construction in favor of the person sought to be benefited. (Citations.) As was said in the last-cited case: 'The broad spirit of gratitude which prompted the enactment of this law should control the courts in enforcing it.'

"The same spirit is evidenced in the few cases which have construed the enactment under present consideration. In the DeBaum Case, the Supreme Court of Mississippi observes: 'This statute is to be liberally construed not only in favor of the veteran but also in favor of his estate or any beneficiary named in the certificate.'

"In the opinion of the court, however, it is in the present case unnecessary to invoke the principle of liberal construction in order to attain the result that the present petitioning creditor possesses no rights to a solution of her alleged obligation from the proceeds of this adjusted service certificate. The statute in express term exempts them in the hands of four different enumerated holders, namely: First, the veteran himself; second, his dependents; third, his estate; and fourth, a beneficiary under part 5 of the chapter (section 641 et seq.).

"*       *       *       *       *       *       *

"The fund is now in the possession of the third enumerated of these exempt holders, and by the express terms of the enactment is immune from seizure by the petitioner or by any one else. Being thus immune, no procedure is permissible which has as its sole ultimate object a subjection of the fund to the asserted rights of the claimant."

In *Williams* v. *Hiott*, (1937) 193 S. E. 133, a similar doctrine was also upheld. There the appellant, a creditor of

the deceased soldier, maintained that, as soon as the pro-ceeds of the adjusted-service certificate were paid to the judicial administrator the same were immediately subject to the payment of the debts of the soldier by said administrator. The court said: "We think that the statute does not uphold such contention," and, after citing section 618, *supra*, it further said:

"The proceeds of the adjusted service certificate, after the death of the soldier, were paid to his estate, and under the provisions of the foregoing paragraph were exempt from the claims of creditors against his estate, and belonged to his heirs at law. To the same effect see *DeBaum* v. *Hulett Undertaking Co.* (1934) 169 Miss. 488, 153 So. 513."

The courts have held, moreover, that not even during the lifetime of the soldier and where the latter has secured a loan on his certificate and has deposited the money in a bank together with other funds belonging to him, can the proceeds of the loan be attached, even though such proceeds, could not be distinguished from other funds. See *Wilson* v. *May*, (1934) 152 So. 878; *Hoerster* v. *Johnson City State Bank*, 58 S. W. (2d) 142. In the latter case it was held that:

"Under the liberal construction to which such statutes as the compensation act are entitled, the exemption therein provided for attaches to the fund as long as it or the proceeds thereof may be traced.

"Specifically, it follows such fund into a bank when deposited for the benefit of the veteran or his family, since the deposit of exempt funds in a bank does not affect the debtor's exemption or change the exempt character of the funds. (Citations.)"

The Federal courts have similarly construed section 618, *supra*. In *Mahar* v. *McIntyre*, (1936) 16 Fed. Supp. 961, the U. S. District Court for Massachusetts held as follows:

"Having in mind the liberality with which legislation of the type here involved is construed, I think the direct and immediate proceeds of the bonds, while still in the form of the currency actually received, are exempt from seizure. Section 618 of title 38, supra,

which is still in force, provides that no sum payable to a veteran under the Compensation Act shall be subject to attachment, levy, or seizure.''

■ In accordance with the decisions above cited, construing section 618, *supra,* insular courts are precluded from subjecting a soldier's adjusted-service certificate or the proceeds thereof to the payment of debts. The exemption created by the Congress is absolute and complete. In the case at bar the proceeds of the adjusted-service certificate left by Angel Ferrero Acosta at his death and now in the hands of the judicial administrator belong entirely to his lawful heirs. The judicial administrator was not estopped to plead such exemption, because as the right to exemption in favor first of the veteran and then of his dependents, heirs, or beneficiaries, is created by the statute, the administrator was entitled to claim, and discharged his duty in claiming, said legal exemption.

For the reasons stated the order made by the court below on October 8, 1940, is reversed.