ZOILO FERRERO ACOSTA, EX PARTE (ADMINISTRACIÓN JUDICIAL DE LOS BIENES RELICTOS AL FALLECIMIENTO DE ANGEL FERRERO ACOSTA), peticionario y apelante; EUGENIA MONTALVO, acreedora y apelada.

Núm. 8278.—*Sometido:* Diciembre 11, 1941. *Resuelto:* Enero 13, 1942.

*Felipe Colón Díaz,* abogado del Administrador Judicial Interino, apelante; *Frank Torres,* abogado de la apelada.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Angel Ferrero Acosta falleció en Ponce el 15 de junio de 1936, y en la corte de distrito del mismo nombre se decretó la administración judicial de sus bienes. Zoilo Ferrero Acosta, hermano del difunto, fué nombrado administrador judicial.

Eugenia Montalvo, concubina de Angel Ferrero Acosta, demandó al administrador judicial en cobro de dinero, y obtuvo sentencia a su favor en la corte municipal, por la suma de $339.50. Esta sentencia fué confirmada en apelación por la Corte de Distrito de Ponce y a su vez por esta Corte Suprema (56 D.P.R. 863). Luego Eugenia Montalvo radicó dentro del procedimiento de administración judicial una moción en la que solicitaba que de acuerdo con el artículo 591 del Código de Enjuiciamiento Civil se ordenara al administrador a rendir sus cuentas finales y a pagar a la acreedora el importe de su sentencia. El administrador judicial alegó, como defensa especial en contra de dicha moción, que los bienes relictos al fallecimiento de Angel Ferrero Acosta consistían únicamente de un Bono del Soldado de los Esta-

dos Unidos y que dicho bono, de acuerdo con el estatuto federal sobre la materia, está exento de embargo y ejecución. La Corte de Distrito de Ponce declaró con lugar la moción de Eugenia Montalvo, resolviendo, en cuanto a dicha defensa, lo siguiente:

"La defensa especial levantada por el administrador judicial de que el bono del soldado está exento de embargo y de ejecución, debemos declararla sin lugar. La acreedora y demandante no está solicitando el embargo o ejecución de ese bono. Lo que está solicitando la acreedora y demandante es que el administrador judicial, de acuerdo con el artículo 591 del Código de Enjuiciamiento Civil, Ed. de 1933, rinda sus cuentas finales, y de los bienes relictos al fallecimiento de Angel Ferrero Acosta (*estate*), que a nuestro entender solamente comprende el producto del bono del soldado, se le satisfaga a dicha acreedora por sentencia firme, la suma de $339.50.

"La acreedora Eugenia Montalvo tiene perfecto derecho a que la corte obligue al administrador a que rinda sus cuentas finales. Es también deber de todo administrador judicial satisfacer las deudas del finado dentro de un plazo razonable.

"El administrador judicial se ha olvidado que mientras no se satisfagan las deudas del finado y se cubran todos los gastos de la administración, no se podrá adjudicar el remanente del dinero que resultare entre las personas con derecho a ello.

"Estudiada la cuestión desde otro aspecto, diremos que tanto la Hon. Corte Suprema como esta corte resolvimos que Angel Ferrero Acosta prometió pagarle a la demandante y acreedora la suma de $339.50 que le adeudaba, del producto del bono del soldado. Resuelto ya eso, y siendo el administrador judicial la continuación de la personalidad del causante, se encuentra ahora el administrador impedido de rechazar la deuda de Eugenia Montalvo y obligado a satisfacer la misma."

Es de esta resolución que el administrador apela para ante esta corte, pero se limita en su alegato a invocar el estatuto aplicable, sin citar jurisprudencia alguna.

El estatuto federal, según fué enmendado en 1926, es la sección 618 de 38 U. S. C. A., que lee como sigue:

"Sección 618.—*Beneficios exentos de incautación por embargo o cobro de contribuciones; no se practicarán descuentos de sumas adeu-*

*dadas a los Estados Unidos.* Ninguna cantidad pagadera bajo este capítulo a un veterano o a sus dependientes, sus herederos, o cualquier beneficiario designado bajo la Quinta Parte de este capítulo, ningún bono del soldado (adjusted service certificate), ni el importe de un préstamo hecho sobre tal bono podrá ser objeto de embargo, ejecución o incautación bajo un procedimiento de ley o de equidad, ni estará sujeto a la imposición de contribuciones estatales o federales, y no se descontará del importe de dicho bono o de cualquier cantidad a devengar bajo este capítulo, suma alguna adeudada por el veterano a los Estados Unidos.''

En primer término, si bien es cierto, como dice la corte *a quo* en su resolución, que en el caso anterior se resolvió que Angel Ferrero Acosta prometió pagarle a la demandante la suma de $339.50 que le adeudaba, del producto del bono del soldado, esto no implica que el administrador judicial esté impedido de interponer la defensa especial por la que levanta una importante y nueva cuestión legal que no fué alegada ni resuelta en el pleito anterior. La promesa que le hizo Angel Ferrero Acosta a su concubina de haber él cobrado su bono en vida pudo cumplirla libremente. La cuestión fundamental a resolver ahora es si fallecido el veterano sin haber cobrado su bono puede éste responder de sus deudas. La cuestión, bajo una situación de hechos similares a los del caso de autos, ha sido resuelta en la negativa unánimemente por las cortes de los Estados Unidos. Véase la anotación en 109 A. L. R. 433.

La Corte Suprema de Mississippi en el caso de *De Baum* v. *Hulett Undertaking Co.,* (1934), 153 So. 513, resolvió que la sección 618, supra, debe interpretarse liberalmente no sólo en beneficio del veterano sino también en beneficio de sus herederos o de cualquier beneficiario designado en el bono.'' Más adelante dijo la corte:

''La frase 'embargo, ejecución o incautación' no está limitada al mandamiento de una corte en manos de un funcionario de ella encargado de su diligenciamiento, sino que se refiere también *a cualquier sentencia o resolución de una corte de ley o de equidad some-*

*tiendo un bono del soldado* (adjusted certificate), *o el importe de un préstamo hecho sobre dicho bono, al pago de las deudas del veterano.''*

 '' ＊  ＊  ＊  ＊  ＊  ＊  ＊

''. . . Este estatuto federal es más amplio que los nuestros. De acuerdo con sus términos, el bono, así como sus beneficios, está exento, no sólo en manos de un dependiente o beneficiario, *sino también en manos de cualquier heredero del veterano.* El bono pasa a los herederos, quienesquiera que sean, libre de deuda.''

En el caso de *In re Murray's Estate*, (1936), 289 N. Y. Supp. 81, la Corte de Testamentarías del Condado de Kings, New York, se expresó así:

''Los hechos relevantes en torno a los cuales nuestra decisión girará son que el peticionario era acreedor del difunto y que éste falleció intestado el 20 de febrero de 1935. El único bien del caudal hereditario era un bono del soldado (adjusted service certificate) emitido por el gobierno de los Estados Unidos de acuerdo con las disposiciones del Capítulo 11 del Título 38 del Código de los Estados Unidos (38 U. S. C. A. § 591 *et seq.*). Este bono ha sido redimido, devengando la suma de $664.41. La única heredera del difunto es una hermana.

 '' ＊  ＊  ＊  ＊  ＊  ＊  ＊

''Es un hecho bien conocido que los estatutos creadores de exenciones a favor de los veteranos, como regla general han sido interpretados liberalmente a favor de la persona que se intenta beneficiar. (Citas). Como se dijo en el último de los casos arriba citados: 'El generoso espíritu de gratitud que motivó la aprobación de este estatuto debe inspirar a las cortes al ponerlo en vigor.'

''El mismo espíritu se vislumbra en los pocos casos que han interpretado el estatuto que tenemos bajo nuestra consideración. En el caso de De Baum, la Corte Suprema de Mississippi se expresó como sigue: 'Este estatuto debe ser interpretado liberalmente no sólo a favor del veterano, sino también a favor de sus herederos o de cualquier beneficiario designado en el bono.'

 '' ＊  ＊  ＊  ＊  ＊  ＊  ＊

''En nuestra opinión, sin embargo, no hay que aplicar al presente caso la regla de interpretación liberal para llegar a la conclusión de que el acreedor peticionario no tiene derecho a satisfacer su crédito del importe del bono del soldado. El estatuto expresamente exime dichos bonos mientras estén en manos de cuatro distintos tene-

dores, a saber: primero, el propio veterano; segundo, sus dependientes; tercero, sus herederos (*estate*); y cuarto, un beneficiario designado bajo la quinta parte del capítulo (sección 641 *et seq.*).

"El fondo está ahora en manos del tercero de los tenedores arriba enumerados y por disposición expresa del estatuto no puede ser embargado por el peticionario ni por ninguna otra persona. Disfrutando este fondo de tal inmunidad, ningún procedimiento es válido que tenga como único fin el someter dicho fondo a las reclamaciones del peticionario."

El caso de *Williams* v. *Hiott,* (1937) 193 S. E. 133 también sostiene la misma doctrina que los anteriores. Sostenía el apelante, un acreedor del soldado fallecido, que al ser pagado el importe del bono al administrador judicial inmediatamente quedaba sujeto al pago de las deudas del soldado por dicho administrador. Dijo la corte: "creemos que la ley no sostiene esa contención" y, después de citar la sección 618, supra, se expresó así:

"El importe del bono, después de la muerte del soldado, fué pagado al administrador, y de acuerdo con la sección anterior estaba exento de reclamaciones de los acreedores y pertenecía a los herederos legales. Al mismo efecto véase *De Baum* v. *Hulett Undertaking Co.,* (1934), 169 Miss. 488, 153 So. 513."

Las cortes han sostenido, además, que ni aun en vida del soldado y cuando éste ha obtenido un préstamo sobre su bono y ha depositado el dinero en un banco junto con otros fondos suyos, puede ser embargado el importe del préstamo, aun cuando no pueda distinguirse entre un dinero y otros. Véase *Wilson* v. *May,* (1934), 152 So. 878; *Hoerster* v. *Johnson City State Bank,* 58 S. W. (2d) 142. En este último caso se resolvió que:

"Bajo la interpretación liberal que debe darse a los estatutos sobre compensaciones, la exención provista en ellos se adhiere al bono o a su importe mientras su origen pueda ser determinado.

"Específicamente, sigue a dicho fondo hasta el banco cuando se deposita para beneficio del veterano o de su familia, ya que el depósito de fondos exentos en un banco no afecta la exención del deudor ni cambia el carácter de exención de los fondos. (Citas.)"

Las cortes federales también han dado la misma interpretación a la sección 618, supra. En el caso de *Mahar v. McIntyre*, (1936), 16 Fed. Supp. 961, la Corte de Distrito de Massachusetts resolvió lo siguiente:

"Teniendo en mente la liberalidad con que legislación de esta clase es interpretada, creo que el importe directo e inmediato de los bonos, mientras están en forma de dinero realmente recibido, está exento de ejecución. La Sección 618 del título 38, supra, que está en vigor, provee que ninguna suma pagadera a un veterano bajo la ley de compensación estará sujeta a embargo, ejecución o incautación."

De acuerdo con la jurisprudencia citada, interpretando la sección 618, supra, las cortes insulares no pueden someter el bono de un soldado o su importe, al pago de sus deudas. La exención creada por el Congreso es total y absoluta. En el caso de autos el importe del bono dejado por Angel Ferrero Acosta a su fallecimiento y ahora en poder del administrador judicial, pertenece íntegro a sus herederos legales. El administrador judicial no estaba impedido (*estopped*) de alegar dicha exención, pues siendo el estatuto el que crea el derecho de exención primero a favor del veterano y luego de sus dependientes, herederos o de cualquier beneficiario, el administrador tenía derecho a, y cumplió con su deber al reclamar dicha exención legal.

*Por todo lo expuesto, se revoca la resolución dictada por la corte inferior el día 8 de octubre de 1940.*